**MEMO ENDORSED**

# KM M

CADWALADER McGUIRE MARGOLIS LLP

950 THIRD AVENUE · FOURTEENTH FLOOR
NEW YORK, N.Y. 10022

TELEPHONE (212) 644-1010
FACSIMILE (212) 644-1936

HARLAN J. SILVERSTEIN
DIRECT DIAL: (212) 909-0702
DIRECT FAX: (212) 909-3502
SILVERSTEIN@KMM.COM



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-6-11

December 5, 2011

**BY HAND DELIVERY**

Hon. Leonard B. Sand
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007-1312

    Re:    *New York City District Council of Carpenters Pension Fund et al. v. Forde et al.*, No. 11-cv-5474

Dear Judge Sand:

    We represent the Trustees of the New York City District Council of Carpenters Trust Funds (the "Funds"), plaintiffs in the above-referenced action. The Trustees have sued a number of former union officials, former trustees, and contributing employers asserting civil RICO, ERISA breach of fiduciary duty, and common law fraud claims for defrauding the Funds. For the reasons explained below, we are writing to respectfully request an extension of 90 days, expiring March 2, 2012, to serve the summons and complaint on defendants Brian Carson and Finbar O'Neill, and 90 days to report to the Court on our progress in locating defendant Terence Buckley, who is believed to be living in Ireland. This is our first request for an extension of time. Given our inability to locate the affected defendants, we have not been able to obtain their consent to this request.

    This request is made under Fed. R. Civ. P. 4(m) and 6(b)(1)(A), which, respectively, provide that where "the plaintiff shows good cause... the court must extend the time for service for an appropriate period" and "the court may, for good cause, extend time... if a request is made, before the original time... expires."

    "In determining whether a plaintiff has shown good cause under Rule 4(m), courts in this Circuit generally consider whether (1) the plaintiff made reasonable efforts to serve the defendant, and (2) the defendant was prejudiced by the delay in

4833-9571-9182.6

KM&M
KAUFF McGUIRE & MARGOLIS LLP

Hon. Leonard B. Sand
December 5, 2011
Page 2

service." *Chrobak v. Hilton Group PLC*, No. 06-CV-1916, 2007 WL 2325913, at *4 (S.D.N.Y. Aug. 15, 2007) (quoting *Shider v. Communications Workers of America*, No. 95-CV-4908, 1999 WL 673345, at *2 (S.D.N.Y. Aug. 30, 1999). Application of these factors supports granting Plaintiffs' request.

The original Complaint in this action was filed on August 5, 2011[1] and the 120 day deadline for service of process expires on December 5, 2011. To date we have served 15 of 18 defendants named in the original Complaint.

The attached affidavits reflect the efforts taken thus far to locate and serve Carson, O'Neill, and Buckley.

With respect to Carson, the process server twice attempted to have Carson served in prison, but in each instance Carson had either moved to another facility or been released before the local sheriff was able to serve him. We have since learned that Carson has been released to a supervised residential re-entry facility, and the process server is currently attempting to effect service there. We are guardedly optimistic that we will be able to serve Carson within the next 90 days.

With respect to O'Neill, the process server attempted to serve O'Neill at known past addresses in Yonkers and the Bronx, but concluded that O'Neill no longer resided at these addresses. The process server sought information about O'Neill's location from neighbors, local post offices, and public and private databases, but was unable to confirm O'Neill's whereabouts. We have since determined that O'Neill has been ordered to report to a supervised residential re-entry facility, and the process server is currently attempting to effect service there. We are guardedly optimistic that we will be able to serve O'Neill within the next 90 days.

With respect to Buckley, the process server attempted to serve Buckley at a known past address in Maspeth, New York but was unable to locate Buckley there. The process server sought information about Buckley's location from neighbors, local post offices, and public and private databases, but was unable to confirm Buckley's whereabouts. Additional information we have recently received indicates that Buckley may be residing in Ireland. In order to serve him, we will first need to determine his address. Based on our research, service in Ireland under the Hague Service Convention as authorized under Fed. R. Civ. P. 4(f)(1) may take up to six months.[2] Once we have identified Buckley's address we will have to submit our papers to the Central Authority denominated by Ireland under the Convention. The Central Authority will then arrange

---

[1] A First Amended Complaint ("First Amended Complaint") was filed with the Court on November 21, 2011.
[2] Fed. R. Civ. P. 4(m) states that the 120 day period enunciated therein "does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." Nevertheless, in an abundance of caution, we request this extension under Rule 4(m) in case we learn that Buckley is residing in the U.S.

4833-9571-9182.6



Hon. Leonard B. Sand
December 5, 2011
Page 3

for service on Buckley. We respectfully request 90 days to endeavor to determine Buckley's address in Ireland and how much additional time we may need to serve him. Subject to Your Honor's consent, we will submit a status report on or before March 2, 2012 to advise of the status of service with respect to Buckley.

The Trustees have alleged that the above-named defendants are jointly and separately liable for millions of dollars in lost contributions to the Funds. Buckley in particular was the principal of a contractor which may be responsible for as much as $7 million in damages to the Funds.

This extension will not inconvenience or prejudice the defendants as service will serve to place them on notice of the claims against them, while the Trustees may be harmed by, among other things, the possible running of the statute of limitations on certain claims if this request is denied.

Thank you for your consideration.

Respectfully submitted,

Harlan J. Silverstein

Granted
So ordered
B Sand
USDJ
12/5/2011

Enclosures

cc:
Dino J. Lombardi, Esq. (by mail) (with enclosures)
Christopher Tumulty, Esq. (by mail) (with enclosures)
James R. Froccaro, Jr., Esq. (by mail) (with enclosures)
Bruno V. Gioffre, Esq. (by mail) (with enclosures)
Niall Mac Giollabhuí, Esq. (by mail) (with enclosures)
John Greaney (by mail) (with enclosures)
Michael Brennan (by mail) (with enclosures)
Michael Mitchell (by mail) (with enclosures)
Joseph Ruocco (by mail) (with enclosures)
John Stamberger (by mail) (with enclosures)
KAFCI Corp. (by mail) (with enclosures)
Turbo Enterprises, Inc. (by mail) (with enclosures)

4833-9571-9182.6