UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
New York City District Council of Carpenters
Pension Fund, New York City District Council of Carpenters
Welfare Fund, New York City District Council of Carpenters
Annuity Fund, and New York City District Council of
Carpenters, Apprenticeship, Journeyman Retaining, Education
and Industry Fund, by their Trustees, Frank Spencer, Douglas
J. McCarron, John Ballantyne, Paul Tyznar, Paul O'Brien,       Index No. 11-CV-5474
Kevin M. O'Callaghan, Catherine Condon, David Meberg,
Bryan Winter and John DeLollis,                                **ANSWER**

                          Plaintiffs,                 Jury Trial Demanded

   -against-

Michael Forde, John Greaney, Joseph Olivieri, Brian Hayes,
Michael Mitchell, Finbar O'Neil, K.A.F.C.I., Michael
Brennan, Turbo Enterprises, Inc., Terence Buckley, Pitcohn
Construction Enterprises, Inc., Gerard McEntee, Pyramid
Associates Construction Corp., James Duffy, EMB
Contracting Corp., Michael Batalias, Elisavet Batalias,
Matthew Kelleher, Brian Carson, Joseph Ruocco,
John Stamberger and Michael Vivenzio,

                          Defendants.
------------------------------------------------------------------X

      Defendant, MICHAEL VIVENZIO, ("Defendant Vivenzio"), by his attorneys, Bruno V. Gioffre, Jr. of The Quinn Law Firm for his answer to the First Amended Complaint, respectfully allege as follows:

      1.    Denies the allegations set forth in paragraphs "1" and "2" of the First Amended Complaint, except admits that plaintiffs purport to bring this action and proceed as stated therein.

      2.    Denies the allegations set forth in paragraphs "3" and "4" of the First Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction and venue of this Court as set forth therein.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "5" through "42" of the First Amended Complaint.

4. Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "43" of the First Amended Complaint, except admit that Defendant Vivenzio was a Local 157 shop steward from 2002 to 2003.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "44" through "46" of the First Amended Complaint.

6. Denies the allegations set forth in paragraph "47" of the First Amended Complaint.

7. Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs "48" of the First Amended Complaint.

8. Denies the allegations set forth in paragraph "49" of the First Amended Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "50" and "51"of the First Amended Complaint.

10. Denies the allegations set forth in paragraph "52" of the First Amended Complaint constitute a proper pleading to which a response is required and to the extent a response is required, deny knowledge or information to form a belief as to the truth of the allegations therein, except admit that Defendant Vivenzio was indicted in August 2009.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "53" through "57" of the First Amended Complaint.

12. Denies the allegations set forth in paragraphs "58" and "59" of the First Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "60" through "146" of the First Amended Complaint.

14. Denies the allegations set forth in paragraphs "147" and "148" of the First Amended Complaint constitutes a proper pleading to which a response is required and to the extent a response is required, deny knowledge or information to form a belief as to the truth of the allegations therein, except admit that Defendant Vivenzio entered a guilty plea in June 2010.

15. In response to paragraph "149" of the First Amended Complaint, Defendant Vivenzio repeats and re-alleges his responses to paragraphs "1" through "148" of the First Amended Complaint as if fully set forth here.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "150" through "164" of the First Amended Complaint.

17. Denies the allegations set forth in paragraphs "166" through "176" of the First Amended Complaint constitutes a proper pleading to which a response is required and to the extent a response is required, deny knowledge or information to form a belief as to the truth of the allegations therein.

18. In response to paragraph "177" of the First Amended Complaint, Defendant Vivenzio repeats and re-alleges his responses to paragraphs "1" through "176" of the First Amended Complaint as if fully set forth here.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "178" through "182" of the First Amended Complaint.

20. In response to paragraph "183" of the First Amended Complaint, Defendant Vivenzio repeats and re-alleges his responses to paragraphs "1" through "182" of the First Amended Complaint as if fully set forth here.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "184" through "188" of the First Amended Complaint.

22. In response to paragraph "189" of the First Amended Complaint, Defendant Vivenzio repeats and re-alleges his responses to paragraphs "1" through "188" of the First Amended Complaint as if fully set forth here.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "190" through "194" of the First Amended Complaint.

24. In response to paragraph "195" of the First Amended Complaint, Defendant Vivenzio repeats and re-alleges his responses to paragraphs "1" through "194" of the First Amended Complaint as if fully set forth here.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "196" through "200" of the First Amended Complaint.

26. In response to paragraph "201" of the First Amended Complaint, Defendant Vivenzio repeats and re-alleges his responses to paragraphs "1" through "200" of the First Amended Complaint as if fully set forth here.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "202" through "206" of the First Amended Complaint.

28. In response to paragraph "207" of the First Amended Complaint, Defendant Vivenzio repeats and re-alleges his responses to paragraphs "1" through "206" of the First Amended Complaint as if fully set forth here.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "208" through "213" of the First Amended Complaint.

30. In response to paragraph "214" of the First Amended Complaint, Defendant Vivenzio repeats and re-alleges his responses to paragraphs "1" through "213" of the First Amended Complaint as if fully set forth here.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "215" through "220" of the First Amended Complaint.

32. In response to paragraph "221" of the First Amended Complaint, Defendant Vivenzio repeats and re-alleges his responses to paragraphs "1" through "220" of the First Amended Complaint as if fully set forth here.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "222" through "227" of the First Amended Complaint.

34. In response to paragraph "228" of the First Amended Complaint, Defendant Vivenzio repeats and re-alleges his responses to paragraphs "1" through "227" of the First Amended Complaint as if fully set forth here.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "229" through "234" of the First Amended Complaint.

36. In response to paragraph "235" of the First Amended Complaint, Defendant Vivenzio repeats and re-alleges his responses to paragraphs "1" through "234" of the First Amended Complaint as if fully set forth here.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "236" through "241" of the First Amended Complaint.

38. In response to paragraph "242" of the First Amended Complaint, Defendant Vivenzio repeats and re-alleges his responses to paragraphs "1" through "241" of the First Amended Complaint as if fully set forth here.

39. Denies the allegations set forth in paragraphs "243" through "246" of the First Amended Complaint constitutes a proper pleading to which a response is required

and to the extent a response is required, deny knowledge or information to form a belief as to the truth of the allegations therein.

40. Paragraphs "247" and "248" contain questions of law to which no response is required. However, to the extent that a response is required, Defendant Vivenzio denies any wrongdoing and knowledge or information sufficient to form a belief concerning plaintiffs' alleged damages.

41. Defendant Vivenzio denies that Plaintiffs are entitled to any of the relief sought in the "Wherefore" clause following paragraph 196 of the Complaint.

42. Deny each and every allegation of the Complaint not specifically admitted to herein and deny that the Plaintiffs are entitled to relief of any kind.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43. The First Amended Complaint is barred in whole or part because it fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44. The First Amended Complaint is barred in whole or in part by the Union's grievance procedure, including arbitration, mandated by the applicable collective bargaining agreements.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

45. The First Amended Complaint is barred in whole or part by the doctrine of economic duress.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46. The First Amended Complaint is barred in whole or in part by the doctrine of estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47. Plaintiffs have failed to mitigate their damages, if any.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48. Plaintiffs action is barred by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49. The First Amended Complaint is barred, in whole or in part, because of a prior money judgment which was satisfied by Defendant Vivenzio in connection with his federal criminal case.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

50. The First Amended Complaint is barred, in whole or in part, because of a prior agreement entered into between Defendant Vivenzio and the New York City District Council of Carpenters.

51. Defendant Vivenzio reserves the right to raise additional affirmative and other defenses that may subsequently become or may appear applicable to some or all of Plaintiffs' First Amended Complaint.

**WHEREFORE,** Defendant Vivenzio, demands judgment:

I. Dismissing the First Amended Complaint in its entirety;

II. Granting Defendant Vivenzio the costs, disbursements, expenses and reasonable attorney's fees and such other relief as this Court may deem just and proper.

Dated:        White Plains, New York
              January 11, 2012

                                            BRUNO V. GIOFFRE, JR. (BG-7598)
                                            Attorneys for Defendant Vivenzio
                                            The Quinn Law Firm
                                            399 Knollwood Road, Suite 220
                                            White Plains, New York 10603
                                            (914) 997-0555

                            By:    ECF: *Bruno V. Gioffre, Jr.*

## DECLARATION OF SERVICE BY ELECTRONIC FILING

I, Bruno V. Gioffre, Jr., Esq., declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on January 11, 2012, I caused to be served the annexed ANSWER TO THE FIRST AMENDED COMPLAINT upon the following counsel of record by filing said ANSWER electronically, thereby sending said ANSWER to the below attorneys via an email address designated by said attorneys for that purpose:

Harlan J. Silverstein, Esq.
KAUFF MCGUIRE & MARGOLIS LLP
Attorneys for Plaintiffs
950 Third Avenue, 14th Floor
New York, NY 10022
(212) 644-1010
(By ECF)

Scott M. Himes, Esq.
STILLMAN & FRIEDMAN, P.C.
Attorneys for Plaintiffs
425 Park Avenue
New York, New York 10022
(212) 223-0200
(By ECF)

Dino Lombardi, Esq.
LOMBARDI & SALERNO PLLC
Attorneys for Defendant Forde
52 Duane Street, 7th Floor
New York, New York 10007
(212) 619-8328
(By ECF)

Niall Mac Giollabhui, Esq.
LAW OFFICE OF MICHAEL G. DOWD
Attorneys for Defendants Pyramid Associates Construction Corp, James Duffy, Pitcohn Construction Enterprises Inc. and Gerard McEntee
425 Park Avenue
New York, New York 10022
(212) 751-1640
(By ECF)

James R. Froccaro, Jr., Esq.
Attorney for Defendant Brian Hayes
20 Vanderventer Avenue, Suite 103W
Port Washington, NY 11050
(516) 944-5062
(By ECF)

Joseph Ruocco, Pro Se
447 Rolling Hill Way
East Stroudsberg, PA 18302
(via regular mail)

Dated: White Plains, New York
       January 11, 2012

*Bruno V. Gioffre, Jr.*
_____
BRUNO V. GIOFFRE, JR., ESQ.