UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Annuity Fund, and New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund, by their Trustees, Frank Spencer, Douglas J. McCarron, John Ballantyne, Paul Tyznar, Paul O'Brien, Kevin M. O'Callaghan, Catherine Condon, David Meberg, Bryan Winter, and John DeLollis, <br><br>                    Plaintiffs, <br><br>            vs. <br><br> Michael Forde, John Greaney, Joseph Olivieri, Brian Hayes, Michael Mitchell, Finbar O'Neill, K.A.F.C.I., Michael Brennan, Turbo Enterprises, Inc., Terence Buckley, Pitcohn Construction Enterprises, Inc., Gerard McEntee, Pyramid Associates Construction Corp., James Duffy, EMB Contracting Corp., Michael Batalias, Elisavet Batalias, Matthew Kelleher, Brian Carson, Joseph Ruocco, Jon Stamberger, and Michael Vivenzio, <br><br>                    Defendants. | Case No. 11 Civ. 5474 (LBS) <br><br> Civil Action |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS EMB CONTRACTING CORP., MICHAEL BATALIAS, AND ELISAVET BATALIAS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

                                        PECKAR & ABRAMSON, P.C.
                                        *Attorneys for Defendants*
                                        *EMB Contracting Corp., Michael Batalias,*
                                        *and Elisavet Batalias*
                                        41 Madison Avenue, 20th Floor
                                        New York, New York 10010
                                        (212) 382-0909

**TABLE OF CONTENTS**

TABLE OF CONTENTS..........................................................................................................ii

TABLE OF AUTHORITIES..............................................................................................ii-iii

PRELIMINARY STATEMENT...........................................................................................1

STATEMENT OF THE FACTS............................................................................................2

LEGAL STANDARD……....................................................................................................4

ARGUMENT…………….....................................................................................................4

A. THE AMENDED COMPLAINT FAILS TO PROPERLY ALLEGE A RICO CLAIM...........4

B. THE CLAIMS ARE BARRED BY THE DOCTRINE OF *IN PARI DELICTO*........................9

CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

Ashcroft v. Iqbal
    556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ..........................................................................4

Bell v. Hubbert
    95 Civ. 10456, 2007 WL 60513, at *5 (S.D.N.Y. Jan. 8, 2007)………………………………....5

Bell Atlantic Corp. v. Twombly
    550 U.S. 544, 570 (2007)………….......................................................................................4

Bennett v. United States Trust Co
    770 F.2d 308, 315 (2d Cir. 1985)………….............................................................................5

City of New York v. Smokes-Spirits.com, Inc.
541 F.3d 425, 447 (2d Cir. 2008)………..………………………...................................................5, 7

Dietrich v. Bauer
    76 F. Supp. 2d 312 (S.D.N.Y. 1999)..………………......................................................................5

Eaves v. Designs for Finance, Inc.
    785 F. Supp.2d 229, 263 (S.D.N.Y. 2011)…..………….......................................................7

Figueroa Ruiz v. Alegria
    896 F.2d 645, 650 (1st Cir. 1990)....................................................................................4

First Capital Mgmt., Inc. v. Satinwood, Inc.
    385 F.3d 159, 180-81 (2d Cir. 2004)………………………........................................................8

H.J. Inc. v. N.W. Bell Tel. Co.
    492 U.S. 229, 239, 242 (1989)…...………….........................................................................8

Int'l Brotherhood of Teamsters v. Carey
    163 F. Supp.2d 271, 280-81 (S.D.N.Y. 2001)..……….…………………........................................8

Kashelkar v. Rubin & Rothman
    97 F. Supp.2d 383, 391 (S.D.N.Y.) aff'd, 242 F.3d 365 (2d Cir. 2001) .................................5

Katzman v. Victoria's Secret Catalogue
    167 F.R.D. 649, 655 (S.D.N.Y. 1996) ……………………………….........................................4

Kirschner v. KPMG LLP
    938 N.E.2d 941, 950-951 (N.Y. 2011)..…………….............................................................9

Miranda v. Ponce Fed. Bank
    948 F.2d 41, 44 (1st Cir. 1991) …………….....................................................................4

Nasik Breeding & Research Farm Ltd. v. Merck & Co.
    165 F. Supp. 2d 514, 537 (S.D.N.Y. 2001).…………….....................................................5

Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP
    322 F.3d 147, 164-66 (2d Cir. 2003)…………………………………………………….9

Riverwoods Chappaqua Corp. v. Shapiro
    30 F.3d 339, 344 (2d Cir. 1994)…....……………….......................................................5

Terminate Control Corp. v. Horowitz
    28 F.3d 1335, 1346 (2d Cir. 1994)...........................................................................6

U.S. Fire Ins. Co. v. United Limousine Serv., Inc.
    303 F. Supp. 2d 432, 448 (S.D.N.Y. 2004)......................................................................8

**STATUTES, REGULATIONS, RULES**

18 U.S.C. § 1961(4)……………………….…………..……………….......................................5

18 U.S.C. § 1962..........................................................................................................1, 5

29 U.S.C. § 186…..………………………...…………………….................................................3

18 U.S.C. § 371……………………………...……………….......................................................3

Federal Rule of Civil Procedure 8(a)........................................................................................4

Federal Rule of Civil Procedure 12(b)(6)........................................................................1, 4, 9

**MISCELLANEOUS**
Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357
    (3d ed. 2011)…………………………………………………………………………..9

iii

Defendants EMB Contracting Corp. ("EMB"), Michael Batalias, and Elisavet Batalias (collectively "the EMB Defendants"), by and through their undersigned counsel, respectfully submit this Motion to Dismiss the First Amended Complaint (the "Amended Complaint" or "Am. Cplt"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

The only cause of action asserted against the EMB Defendants is the "second claim for relief" which alleges that the EMB Defendants "conspired to commit violations of 18 U.S.C. § 1962(c)" also known as the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*See* Am. Cplt. ¶¶ 165-176.)  This civil Rico claim should be dismissed as a matter of law as against the EMB Defendants as plaintiffs failed to allege an enterprise in which the EMB Defendants were involved, nonetheless acts committed by the EMB Defendants showing agreement with the other defendants to participate in the enterprise or ongoing conduct in furtherance of the enterprise. Moreover, such a claim against the EMB Defendants is implausible on its face because the plaintiffs allege that the other defendants acted in concert from 1998 to 2004, whereas the conduct alleged against the EMB Defendants occurred in 2007-2008.  The second claim for relief is simply a poor attempt to add the EMB Defendants to the first claim for relief, which does, at least in part, allege a civil RICO enterprise in which the other defendants are participants.  (*See Id*. ¶¶ 149-164.)   Because plaintiffs do not and cannot allege that the EMB Defendants agreed with and operated together with the other defendants to pursue a common goal in the same timeframe, the second claim for relief

should be dismissed as a matter of law.  Additionally, the claim against the EMB Defendants is barred as a matter of law under the doctrine of *in pari delicto*.

## STATEMENT OF THE FACTS

The plaintiffs are the trustees of various benefit funds of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners (the "District Council").  (*Id.* ¶¶ 5, 6.)

Defendant EMB is a corporation organized under the laws of the State of New York, which is alleged to have been a signatory to a collective bargaining agreement ("CBA") with the District Council.  Defendants Michael Batalias and Elisavet Batalias are alleged to be the owners of EMB.  (*Id.* ¶¶ 36-39.)

The other defendants include ten officials or members of the District Council and/or former trustees of the benefit funds, as well as four unrelated construction companies and their four respective owners.

The vast majority of the allegations in the Amended Complaint concern claims against defendants other than the EMB Defendants.  In fact, the EMB Defendants were not named in the original complaint; they were simply added to the Amended Complaint through the following handful of non-specific paragraphs:

> 134. Upon information and belief, from 2007 to 2008 at a minimum, [the EMB Defendants] engaged in a scheme to bribe District Council and constituent local union officials in order to facilitate violations of the terms of EMB's CBA, including, among other things, requirements to pay workers contractual wage rates and contribute to the funds.
>
> 135. Upon information and belief, among the District Council and local union officials participating in the scheme was Hayes.

> 136. Through this pattern of activity, EMB and its owners conspired to participate in, advance, and profit from a racketeering scheme."

(*Id.* ¶¶ 134-137.)  These allegations against the EMB Defendants appear to be entirely based on the indictment and transcript of the guilty plea of now-convicted felon Michael Kelleher:

> 56. In March of 2010, the United States charged Kelleher with, among other things, paying cash bribes to union officials…Kelleher pled guilty to paying and conspiring to pay cash bribes to union officials on behalf of EMB in order to facilitate violations of the CBA . . ."
>
> 138. Kelleher has admitted that on several occasions in 2007 and 2008 he delivered cash and other things of value to union officials on behalf of his employer, so that EMB could pay carpenters off-the-books and not make required contributions to the Funds . . .
>
> 139. On March 16, 2010, Kelleher plead guilty to charges of unlawfully bribing and conspiring to bribe a labor official in violation of 29 U.S.C. § 186 and 18 U.S.C. § 371.[1]
>
> 140. The court has since ordered Kelleher to pay $16,505 in restitution to the Funds . . .

(*Id.* ¶¶ 56, 138-140.)

These paragraphs do not contain any allegation that the EMB Defendants had knowledge of or communicated with the other defendants, nonetheless agreed with and then acted together with them in furtherance of a common goal or purpose.  In fact, not only is there no factual link at all between the EMB Defendants and the other defendants, the alleged wrongful conduct by the other defendants took place during a separate time period, from 1998-2004.  (*Id.* ¶¶ 157, 134.)  The total lack of connection between the

---

[1] Kelleher was not indicted for, nor did he plead to, committing or conspiring to commit a RICO violation.

- 3 -

EMB Defendants and the other defendants supports dismissal of the second RICO claim for relief against the EMB Defendants as a matter of law.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" that "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A motion to dismiss the complaint pursuant to Rule 12(b)(6) should be granted if the complaint does not "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555-56. Additionally, while factual assertions in a complaint are taken as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements … are not entitled to the assumption of truth." *Ashcroft*, 129 S. Ct. at 1949-50

## ARGUMENT

### A. THE AMENDED COMPLAINT FAILS TO PROPERLY ALLEGE A RICO CLAIM

This Court has repeatedly recognized that:

> "Civil RICO is an unusually potent weapon -- the litigation equivalent of a thermonuclear device." *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991). "Because the 'mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants, . . . courts should strive to flush out frivolous RICO allegations at an early stage of the litigation.'" *Katzman v. Victoria's Secret Catalogue,* 167 F.R.D. 649, 655 (S.D.N.Y. 1996) (*quoting Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990)).

*Bell v. Hubbert*, 95 Civ. 10456 (RWS), 2006 U.S. Dist. Lexis 94547, 2007 WL 60513, at *5 (S.D.N.Y. Jan. 8, 2007). This Court has also noted that RICO, due to its severe penalties, should be "limited to enterprises consisting of more than simple conspiracies". *Nasik Breeding & Research Farm Ltd. v. Merck & Co.*, 165 F. Supp. 2d 514, 537 (S.D.N.Y. 2001) (internal quotation omitted). Following this logic, this Court has stricter than normal pleading requirements for RICO claims, which plaintiffs fail to meet with their allegations against the EMB Defendants.

A touchstone of RICO liability is the existence of and participation in an enterprise, which is defined as an "association in fact" between various persons. 18 U.S.C. § 1961(4). In order to properly plead that a defendant is involved in a RICO enterprise, the plaintiff must show that the defendant is actually "employed by" or "associated with" the enterprise and "conducts or participates, directly or indirectly, in the conduct of the enterprise's affairs." 18 U.S.C. § 1962. Specifically, a plaintiff must plead a defendant's participation in the "operation or management" of an enterprise. *Dietrich v. Bauer*, 76 F. Supp. 2d 312 (S.D.N.Y. 1999). "To plead an enterprise, plaintiff must allege facts showing a group of persons associated together for a common purpose, which is proved by evidence of an ongoing organization . . . and by evidence that the various associates function as a continuing unit." *Kashelkar v. Rubin & Rothman*, 97 F. Supp.2d 383, 391 (S.D.N.Y.) (internal quotation marks omitted), *aff'd*, 242 F.3d 365 (2d Cir. 2001).[2] To constitute a RICO enterprise, a group must be associated for a common illegal purpose, and it must be shown through the hierarchy, organization, or activities of

---

[2] Because section 1962(c) speaks separately of a RICO "person" participating in or conducting the affairs of the RICO enterprise, which requires two entities, *Bennett v. United States Trust Co.,* 770 F.2d 308, 315 (2d Cir. 1985), a plaintiff must also comply with the rule that the RICO "person and enterprise referred to must be distinct." *Riverwoods Chappaqua Corp. v. Shapiro*, 30 F.3d 339, 344 (2d Cir. 1994).

the group that its members worked together to achieve that purpose. *City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 447 (2d Cir. 2008). A section 1962(d) violation also requires an agreement to commit the predicate acts, followed by the commission of a predicate act. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1346 (2d Cir. 1994).

The Amended Complaint attempts to lump all of the defendants together as participants in a single enterprise. However, the only enterprise specifically identified in the Amended Complaint is in the first claim for relief, which is not alleged against the EMB Defendants. (*See* Am. Cplt. ¶¶ 149-164.) There is nothing in the Amended Complaint to even remotely suggest that the EMB Defendants were aware of that enterprise or its participants, or were "associated with" or "employed by" that enterprise. Plaintiffs allege no specific acts committed by the EMB Defendants together with the other defendants, nonetheless pursuant to a common goal or purpose. (*Id*. ¶¶ 56-57, 134-140, 165-176; *see contra Id.* ¶¶ 149-164).

That is not to say that plaintiffs fail to allege a RICO enterprise involving the other defendants. In fact, a RICO enterprise in which the other defendants participated may be properly pleaded in the first claim for relief. (*See Id*. ¶¶ 149-164.) But the second claim for relief (*Id*. ¶¶ 165 to 175) is merely a lame attempt to try and tie the EMB Defendants to the enterprise alleged in the first claim for relief simply through vague references to the first claim for relief (*Id*. ¶¶ 149-164), and statements that the EMB Defendants "knew about and agreed to, and did, facilitate the scheme alleged in paragraphs 149-164 above." (*Id*. ¶ 167.) Such conclusory statements are insufficient to support the participation of the EMB Defendants in the enterprise. *Kashelkar*, 97 F. Supp.2d at 394 ("[t]he Complaint fails to allege a violation of 1962(c) because it does not

allege anything other than conclusory terms that any of the Defendants conducted or participated in the enterprise"). Nor could it be successfully alleged that the EMB defendants agreed to and were part of an enterprise with the other defendants, as plaintiffs alleged that the other defendants acted together, pursuant to the enterprise, from 1998-2004, while the "common" conduct allegedly committed by the EMB Defendants in furtherance of the enterprise supposedly took place in 2007-2008.

Plaintiffs were clearly hoping that simply by alleging that the EMB Defendants bribed a union official – an act similar to those acts committed by the other defendants – they would successfully allege a viable civil RICO claim against the EMB Defendants. The complete absence of any additional factual allegations to support that the EMB defendants were part of an enterprise with the other defendants, however, requires the dismissal of the complaint:

> Plaintiffs merely allege in conclusory fashion that [defendants] . . . engaged in an 'enterprise.' But they fail to allege any details regarding the hierarchy or organization of the alleged enterprise, or to advance any facts suggesting that the constituent members of the alleged enterprise functioned as a unit. Ultimately, the Second Amended Complaint does not allege that Defendants existed as an association-in-fact separate and apart from the alleged RICO activity, but rather that came together strictly for the purpose of creating these allegedly fraudulent tax shelters. The lack of a separate enterprise is fatal to the RICO claims.

*Eaves v. Designs for Finance, Inc.*, 785 F. Supp.2d 229, 263 (S.D.N.Y. 2011) (*internal citations omitted*); *see also Smokes-Spirits.com*, 541 F.3d at 447.

Additionally, the Supreme Court has stated that in order to properly plead a pattern of racketeering, a plaintiff must allege facts that would establish "continuity." This means that plaintiff must assert "that the racketeering predicates are related, and that

- 7 -

they amount to or pose a threat of continued criminal activity" over "a substantial period of time." *H.J. Inc. v. N.W. Bell Tel. Co.*, 492 U.S. 229, 239, 242 (1989).  The Second Circuit has not found anything less than "two years [to] constitute a 'substantial period of time' for purposes of closed end continuity." *U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432, 448 (S.D.N.Y. 2004) (*citation omitted*).  Continuity can only be assessed as to each defendant solely on the basis of that specific defendant's predicate acts.  *See First Capital Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 180-81 (2d Cir. 2004) (in analyzing continuity, court must "evaluate the RICO allegations with respect to each defendant individually"); *Int'l Brotherhood of Teamsters v. Carey*, 163 F. Supp.2d 271, 280-81 (S.D.N.Y. 2001) ("[i]n determining the duration of a pattern of racketeering activity, courts focus solely on the predicate acts of racketeering each defendants is alleged to have committed.").

   While plaintiffs did allege that the EMB Defendants committed *similar* predicate acts to those committed by the other defendants – namely, bribery of a union official – plaintiffs failed to allege that that the predicate acts by the EMB Defendants were any way *related* to the acts of the other defendants.  Additionally, plaintiffs failed to properly plead continuity as the predicate acts by the EMB Defendants occurred only in 2007-2008, which is less than the minimum two years required by the Second Circuit to show a pattern of racketeering.

   Plaintiffs have clearly failed to meet the basic requirements for a civil RICO claim.  Accordingly, the Amended Complaint should be dismissed as against the EMB Defendants.

B. THE CLAIMS ARE BARRED BY THE DOCTRINE OF *IN PARI DELICTO*

In New York, courts wisely prohibit wrongdoers from bringing claims against their cohorts under the doctrine of *in pari delicto. See Kirschner v. KPMG LLP*, 938 N.E.2d 941, 950-951 (N.Y. 2011). This doctrine prevents courts from "interced[ing] to resolve a dispute between two wrongdoers" and applies when plaintiff is a "willful wrongdoer" (regardless of whether the defendant is alleged to have acted negligently or willfully). *Id*. The New York Court of Appeals has clarified that *in pari delicto* is a defense that can result in dismissal at the pleading stage. *Id*. at 946, fn.3.  In federal courts, dismissal is appropriate pursuant to Rule 12(b)(6) if the allegations indicate the existence of an affirmative defense.  *See* 5B Wright & Miller, Federal Practice & Procedure, § 1357 (3d ed. 2011) (a complaint "is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy").  Accordingly, courts have dismissed complaints where, as here, the application of the *in pari delicto* doctrine is plain on the face of the pleadings. *See, e.g., Official Comm. ofthe Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 164-66 (2d Cir. 2003).

The District Council of Carpenters and its related entities and management, including the benefit funds, have historically been characterized by actions evincing systemic fraud and malfeasance.  Indeed, this misconduct has been part of (and documented in) a civil RICO action brought by the United States Attorney's Office for the Southern District of New York in 1990, as well as by various and successive Independent Counsel, monitors, and investigators named pursuant to the Government's

civil RICO action. The Benefit Funds cannot now separate from this historical corruption in order to sue for recovery on account of its own misconduct.

## CONCLUSION

For all the foregoing reasons, the Amended Complaint should be dismissed with prejudice as against EMB Contracting Corp., Michael Batalias, and Elisavet Batalias.

Dated: New York, New York
       February 13, 2012

>  /s/ Thomas J. Curran
>  Thomas J. Curran (Bar # TC-2020)
>  PECKAR & ABRAMSON, P.C.
>  41 Madison Avenue, 20th Floor
>  New York, New York 10010
>  (212) 382-0909
>
>  *Attorneys for Defendants*
>  *EMB Contracting Corp., Michael Batalias,*
>  *and Elisavet Batalias*