UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Annuity Fund, and New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund, by their Trustees, Frank Spencer, Douglas J. McCarron, John Ballantyne, Paul Tyznar, Paul O'Brien, Kevin M. O'Callaghan, Catherine Condon, David Meberg, Bryan Winter, and John DeLollis,<br><br>                Plaintiffs,<br>    vs.<br><br>Michael Forde, John Greaney, Joseph Olivieri, Brian Hayes, Michael Mitchell, Finbar O'Neill, K.A.F.C.I., Michael Brennan, Turbo Enterprises, Inc., Terence Buckley, Pitcohn Construction Enterprises, Inc., Gerard McEntee, Pyramid Associates Construction Corp., James Duffy, EMB Contracting Corp., Michael Batalias, Elisavet Batalias, Matthew Kelleher, Brian Carson, Joseph Ruocco, Jon Stamberger, and Michael Vivenzio,<br><br>                Defendants. | Case No. 11 Civ. 5474 (LBS)<br><br>Civil Action |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
EMB CONTRACTING CORP., MICHAEL BATALIAS, AND ELISAVET
<u>BATALIAS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

                            PECKAR & ABRAMSON, P.C.
                            41 Madison Avenue, 20th Floor
                            New York, New York 10010
                            (212) 382-0909

                            *Attorneys for Defendants EMB Contracting Corp.,
                            Michael Batalias, and Elisavet Batalias*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................................i

TABLE OF AUTHORITIES....................................................................................................ii-iii

I. PRELIMINARY STATEMENT.................................................................................................1

II. ARGUMENT………...................................................................................................................2

    A. Plaintiffs' Allegations Do Not Support a Conspiracy Claim
       Against the EMB Defendants………..……………………………………………………1

    B. Claims Are Barred By the Doctrine of *In Pari Delicto*

       1. The Adverse Interest Exception Does Not Apply.............................................8

       2. The Sole Actor Rule, Which Overrides the
          Adverse Interest Exception, Applies Here....................................................9

III. CONCLUSION......................................................................................................................10

# **TABLE OF AUTHORITIES**

**CASES**

*546-552 W. 146th St. LLC v. Arfa*
   863 N.Y.S.2d 412 (1st Dep't 2008)……………………………………..…………9

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ..............................................................................................2

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007)……………………………………………………………...2

*Boyle v. U.S.*
   566 U.S. 938 (2009)………………………………………………………….4, 5

*City of N.Y. v. Pollock*
   2006 WL 522462 (S.D.N.Y. Mar. 3, 2006)……………………………………...3

*Crabhouse of Douglaston Inc. v. Newsday Inc.*
   801 F. Supp.2d 64 (E.D.N.Y. 2011)…………………..…………………………3

*In re Parmalot Secs. Litig.*
   447 F. Supp. 2d 602 (S.D.N.Y. 2007)…...............................…………………….9

*Kirschner v. KPMG LLP*
   938 N.E.2d 941 (N.Y. 2011)...……………………………………………….8, 9

*Salinas v. U.S.*
   522 U.S. 52 (1997)……………………………………………………………….5

*U.S. v. Applins*
   637 F.3d 59 (2d Cir. 2011)……………………………………………………...8

*See United States v. Persico*
   832 F.2d 705 (2d Cir. 1987) ………………………….………………............5

*U.S. v. Pizzonia*
   577 F.3d 455 (2d Cir. 2009)……………………………………...………………3

*U.S. v. Rastelli*
   870 F.2d 822 (2d. Cir. 1989)………………………………………………...…..8

*U.S. v. Turkette*
   452 U.S. 576 (1981)……………………………………………………..…..4, 8

*U.S. v. Viola*
    35 F.3d 37 (2d Cir. 1994) …………..………………………………………………………6

*U.S. v. Zichettello*
    208 F.3d 72 (2d Cir. 2000) …………..………………………………………………………..6

## STATUTES, REGULATIONS, RULES

18 U.S.C. § 664………………………………………………………………………………………6

18 U.S.C. § 1961..………………………..……………….....................................................3, 5, 6

18 U.S.C. § 1962.…...……………………..……………….................................................3, 4, 6

29 U.S.C. § 186..……………………..………………......................................................................4

29 U.S.C. § 186(a)..……………………..………………...................................................................5

18 U.S.C. § 371………………………..……………….....................................................................4

Federal Rule of Civil Procedure 8(a)....................................................................................1

Federal Rule of Civil Procedure 12(b)(6).................................................................................1, 2, 9

Defendants EMB Contracting Corp. ("EMB"), Michael Batalias, and Elisavet Batalias (collectively "the EMB Defendants"), by and through their undersigned counsel, respectfully submit this Reply Brief in support of their Motion to Dismiss the First Amended Complaint (the "Amended Complaint" or "Am. Cplt"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

## I. PRELIMINARY STATEMENT

As stated in the underlying brief, Plaintiffs' Amended Complaint should be dismissed as against the EMB Defendants because it does not properly allege that the EMB Defendants were involved in a conspiracy with the other defendants. Plaintiffs do not allege any actual interaction between the EMB Defendants and the other defendants, except through former EMB employee Kelleher, who pleaded guilty to bribing a "union official" in 2007 and 2008. Kelleher's plea allocution transcript does not, however, state exactly who Kelleher bribed. Nonetheless Plaintiffs (based on what can only be guesses and rumor since Paragraph 57 of the Amended Complaint states that the Kelleher plea transcript is the only basis upon which the Plaintiffs filed their claim against the EMB Defendants), claimed, "upon information and belief", that Kelleher not only bribed Hayes, he did so in furtherance of a RICO conspiracy that involved Hayes as well as all of the other defendants, for which the EMB Defendants are also alleged to be liable, presumably under an agency theory (although that point is never articulated clearly either).

Even taking Plaintiffs unsupported claims as true, as we must, at most all that Plaintiffs manage to allege is that the EMB Defendants – through former employee Kelleher – committed *similar* predicate acts to those committed by the other defendants (namely, bribery of a union official) in furtherance of a conspiracy that has no nexus to the EMB Defendants. Plaintiffs simply fail to allege how acts by Kelleher in 2007 and 2008 show that the EMB Defendants were

1

"part of the racketeering activity" and engaged in an "enterprise" established by and between all of the other defendants prior to 2004. Plaintiffs provide nothing other than conclusory statements that the EMB Defendants "knew about and agreed to and did facilitate the scheme." (*Id*. ¶ 167.) As these elements must be alleged in order to assert a conspiracy claim, the Amended Complaint must be dismissed under Rule 12(b)(6). Alternatively, the Court can dismiss on the basis of *in pari delicto*.

## II. ARGUMENT

C. Plaintiffs' Allegations Do Not Support
   A Conspiracy Claim Against the EMB Defendants

A motion to dismiss the complaint pursuant to Rule 12(b)(6) should be granted if the complaint does not "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). In this case, the Plaintiffs fail to allege any of the facts required to support their RICO conspiracy claim against the EMB Defendants. Specifically, the Plaintiffs fail to allege any specific acts that the EMB Defendants committed that constituted a "pattern of racketeering activity" and failed to allege any nexus between the EMB Defendants and the alleged "enterprise." Plaintiffs simply allege that former EMB employee Kelleher bribed a union official in 2007 and 2008. Everything else alleged against the EMB Defendants is, presumably, based on the premise that EMB must bear some responsibility for Kelleher. Yet, there is no explanation regarding how Plaintiffs jumped from simple bribery of one union official to involvement in a prolix RICO conspiracy to bribe union officials generally. This is particularly the case since everything else that is pleaded against the EMB Defendants is "upon information and belief." This does not meet even the relaxed pleading requirements of Rule 8(a) as "mere conclusory statements … are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009.

2

18 U.S.C. § 1962(d)[1] prohibits any person from conspiring to violate § 1962(a)-(c), which proscribes any agreement to conduct or to participate in the conduct of the enterprise's affairs through a pattern of racketeering activity. *See U.S. v. Pizzonia*, 577 F.3d 455, 462 (2d. Cir. 2009); *see also Crabhouse of Douglaston Inc. v. Newsday Inc.*, 801 F.Supp.2d 64, 89 (E.D.N.Y. 2011). In order to support a claim under § 1962(d), a plaintiff must allege both a "pattern of racketeering activity"[2] as well as an "enterprise."[3] (Plaintiffs' Opposition Brief ("Opp. Br.") at 29-40.)

The EMB Defendants are hard pressed to understand how one count of bribery committed by former employee Kelleher[4] can be transmuted into allegations of participation by the EMB Defendants in purportedly comprehensive "racketeering activities." Plaintiffs first allege that former EMB employee Kelleher bribed/gave things of value to a "union official."

---

[1] 18 U.S.C. § 1962 reads in pertinent part:
> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . .
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

[2] 18 U.S.C. **§** 1961 (1) "racketeering activity" means (A) any act or threat involving . . . bribery, extortion, which is chargeable under State law and punishable by imprisonment for more than one year.

[3] 18 U.S.C. **§** 1961 (4) "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

[4] Plaintiffs make this argument despite the fact that the EMB Defendants were not involved in Kelleher's case and did not have the opportunity to defend themselves. But while his plea allocation is affirmative proof against defendant Kelleher, it does not impute liability onto the EMB Defendants:

> (d) A final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States.

Although it may seem otherwise, Plaintiffs must agree with this argument they assert they cannot be "bound" for things stated in Mr. Olivieri's plea allocution: "in any event, alleged representations made during the sentencing proceeding of the defendants . . . cannot bind the Funds because they were not parties to those proceedings." *See* (Opp. Br. at 12) citing *City of N.Y. v. Pollock*, No. 03 Civ. 0253, 2006 WL 522462, at *14 (S.D.N.Y. Mar. 3, 2006).

3

(Am. Cplt. ¶¶ 55, 138.) Plaintiffs next assert that Kelleher's bribes went ("upon information and belief") to defendant Hayes. (*Id*. ¶¶ 99, 135.) Plaintiffs then allege that Hayes admitted to being involved in a conspiracy and since Kelleher bribed Hayes, the EMB Defendants "conspired to commit the violations of 18 U.S.C. 1962(c) described in paragraphs 149 through 164". (*Id*. ¶ 167.) Plaintiffs also leapt to the conclusion that this bribery shows that the EMB Defendants "**knew about and agreed to** and did, facilitate the scheme [that occurred prior to 2004] as part of the . . .conspiracy." (*Id*. ¶ 168.) Plaintiffs provide no specifics as to when the overall conspiracy prior to 2004 was imparted to the EMB Defendants – not even through Kelleher – or when and how they agreed. Most importantly, Plaintiffs fail to allege any nexus between Kelleher's illicit activity and the overall RICO conspiracy, much less the involvement of the EMB Defendants in it.

Even if the Plaintiffs had specifically alleged that the acts by the EMB Defendants – through Kelleher – constituted "racketeering activities" that alone would not be enough to allege conspiracy. "The existence of an enterprise is an element distinct from the pattern of racketeering activity and 'proof of one does not necessarily establish the other.'" *Boyle v. U.S,* 566 U.S. 938 (2009) citing *U.S. v. Turkette,* 452 U.S. 576, 583 (1981). The Court used the following example to illustrate this point, which is very similar to the fact pattern in this case:

> It is easy to envision situations in which proof that individuals engaged in a pattern of racketeering activity would not establish the existence of an enterprise. For example, suppose that several individuals, **independently and without coordination**, engaged in a pattern of crimes listed as RICO predicates – for example, bribery or extortion. Proof of these patterns would not be enough to show that the individuals were members of an enterprise.
> \*\*\*
> Proof that a defendant conspired to commit a RICO predicate offense – for example, arson – does not necessarily establish that the defendant participated in the affairs of an arson enterprise through a pattern of arson crimes."

4

*Boyle*, 566 U.S. at 947, 949-950 (emphasis added).

Plaintiffs have failed to connect any allegation against the EMB Defendants and the enterprise. An "enterprise" is defined as a "group of individuals associated in fact." 18 U.S.C. 1961(4). In order to properly allege an enterprise, a plaintiff must show it had a "structure" comprised of "at least three specific features: a purpose, **relationships among the associates**, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle*, 556 U.S. at 939. Even Plaintiffs note, an association-in-fact enterprise must have "relationships among those associated with the enterprise." (Opp. Br. at 39.) Stated another way: "to be found guilty of RICO conspiracy, a defendant need only know of, and agree to, the general criminal objective of a **jointly undertaken scheme**". *Salinas v. U.S.*, 522 U.S. 52 (1997) (emphasis added). If the plaintiff does not plausibly allege a jointly undertaken scheme against the defendant, the RICO conspiracy claim under 1962(d) will not survive:

> To understand the scope of the jointly undertaken scheme, one must also consider the enterprise that the conspirators agreed to conduct through a pattern of racketeering. In short, a RICO conspiracy is never simply an agreement to commit specified predicate acts that allegedly form a pattern of racketeering. Nor is it merely an agreement to join in a particular enterprise. **Rather, it is an agreement to conduct or to participate in the conduct of a charged enterprise's affairs *through* a pattern of racketeering.**

*See United States v. Persico,* 832 F.2d 705, 713 (2d Cir. 1987) (emphasis added).

The Plaintiffs have not alleged any interaction between the various defendants (or any other indicia of a relationship) and the EMB Defendants such that it can be said they "jointly undertook" the conspiracy. Plaintiffs barely allege, other than through implication, that the EMB Defendants knew about Kelleher's acts, nonetheless that they knew about anything beyond Kelleher to Hayes or any other defendants. In fact, Kelleher is not even alleged to have had any

5

particular, specified contact with the other defendants either. As a result, there is nothing in the pleading that indicates a "relationship" or a "jointly undertaken scheme" showing that the EMB Defendants were even aware of the enterprise, much less agreed to engage in a pattern of racketeering in furtherance of it.

A conspiracy is only properly alleged if the plaintiff alleges something that indicates that the defendant "conspirator knew what the other conspirators were 'up to.'" *U.S. v. Viola*, 35 F.3d 37, 45 (2d Cir. 1994); *see also U.S. v. Zichettello*, 208 F.3d 72, 99 (2d Cir. 2000) (a plaintiff must allege that the defendant "know the general nature of the conspiracy and that the conspiracy extends beyond [their] individual roles.") Here, there are only conclusory allegations that the EMB Defendants "knew or should have known" that Kelleher was bribing one particular union official, which may be an act *similar* to those that were committed by the other defendants, but that is where the connection ends. **There is not one allegation** that supports that the EMB Defendants ever learned of any conspiracy engaged in by anyone, and Kelleher's bribery alone does not imply knowledge or agreement by the EMB Defendants.

The conclusory statements in Plaintiffs' Opposition Brief cannot overcome the failings in the Amended Complaint. For example, Plaintiffs' brief states that the Amended Complaint describes:

> [A]n enterprise with longevity that existed for the purpose of enriching the contractors paying the bribes (like the EMB Defendants) and the union officials/trustees who received them, **accomplished through these corrupt relationships**."
>
> For the EMB Defendants in particular, the FAC alleges that Defendant Brian Hayes accepted bribes from an EMB employee (co-defendant Matthew Kelleher) paid on their behalf. (FAC 99, 134, 135, 138, 139).

(Opp Br. at 40). The paragraphs cited by Plaintiffs, however, simply do not make those allegations in that way. And most are alleged "upon information and belief":

6

> 99. **Upon information and belief**, Hayes accepted cash bribes and other things of value from EMB through its employee Kelleher, in exchange for permitting EMB to violate its CBA by, among other things, not making required contributions to the Funds. (Emphasis added.)
>
> 134. **Upon information and belief**, from 2007 to 2008 at a minimum, EMB and its owners, including M. Batalias and E. Batalias, engaged in a scheme to bribe District Council and constituent local union officials in order to facilitate violations of the terms of EMB's CBA, including, among other things, requirements to pay workers contractual wage rates and contribute to the funds. (Emphasis added.)
>
> 135. **Upon information and belief**, among the District Council and local union officials participating in the scheme was Hayes. (Emphasis added.)
>
> 138. Kelleher has admitted that on several occasions on 2007 and 2008 he delivered cash and other things of value **to union officials** on behalf of his employer EMB, so that EMB could pay carpenters off-the-books and not make required contributions to the Funds. Transcript of Plea at 14-15, *United States v. Kelleher*, No. 10-00257 (S.D.N.Y. 2010). (Emphasis added.)
>
> 139. On March 16, 2010, Kelleher pled guilty to charges of unlawfully bribing and conspiring to bribe **a labor union official** in violation of 29 U.S.C. 186 and 18 U.S.C. 371. (Emphasis added.)

These "upon information and belief" allegations are particularly telling because the Plaintiffs admit in the Amended Complaint that "[t]he trustees of the Funds . . .[only] became aware of the particulars of Kelleher's criminal activity after the transcript of his guilty plea . . . was unsealed." (Am. Cplt. ¶ 57.) Since the Amended Complaint was filed almost immediately after Kelleher's plea allocution, the Plaintiffs clearly did not have time for much further investigation. This raises questions as to the origin of the "information and belief" statements, their substance, and – indeed – their sincerity. That is particularly true given the fact that the Hayes plea allocution transcript does not appear to have mentioned the EMB Defendants or Kelleher either.

      The tenuous connection between the EMB defendants and the enterprise is not enough to establish, even at this stage, any knowledge of the enterprise, or agreement to conduct or participate in racketeering activities in furtherance enterprise. At most, it alleges that the EMB Defendants, through Kelleher, bribed Hayes. Plaintiffs try to bolster the lack of nexus between

7

the EMB Defendants and the enterprise by stating that the conduct in which Hayes participated with Kelleher "was precisely the same as the alleged bribes paid to Hayes by other, similar contractors and their principals." Simply, as a matter of pleading, so what? This is not a sufficient pleading that the EMB Defendants knew about or agreed to participate in the enterprise. Plaintiffs admit as much in their Opposition Brief:

> the FAC alleges sufficient facts to establish that the EMB Defendants knew about and agreed to facilitate the scheme to pay bribes to Hayes in order to evade their contribution obligations under their CBA, a scheme for their benefit, carried out by their own employee, Kelleher. **That the EMB Defendants may have been unaware that the other contractors also bribed Hayes (and other union officials) for the same purpose does not make them any less a part of the conspiracy**.

Op. Br. at 42 citing *U.S. v. Rastelli,* 870 F.2d 822, 828 (2d Cir. 1989). Plaintiffs citation to *Rastelli* is somewhat perplexing here. In *Rastelli* the Second Circuit held that a plaintiff need not allege that a defendant know the identities of **all** of the other conspirators or the **entire** enterprise in order allege a conspiracy, but the plaintiff must at least allege that the "defendant kn[e]w the general nature of the enterprise and that the enterprise extends beyond his individual role." *U.S. v. Rastelli*, 870 F.2d 822, 828 (2d. Cir. 1989). By the Plaintiffs' own statement, however, this is not the case here, and the Amended Complaint remains totally flawed without a nexus between the EMB Defendants and the enterprise.

D. <u>Claims Are Barred By the Doctrine of *In Pari Delicto*</u>

   3. <u>The Adverse Interest Exception Does Not Apply</u>

The New York Court of Appeals' decision in *Kirshner v. KPMG*, 938 N.E.2d 941 (N.Y. 2011 (N.Y. 2011), basically precludes the application of the Adverse Interest Exception in almost every case. It limits the exception to cases with the agent has "totally abandoned his principal's interest and . . . acts entirely for his own or another's purpose." *Kirshner*, 938 N.E. 2d

8

at 952. As this is a case where most of the Benefit Fund Trustees involved in the conspiracy were also recipients of the proceeds from the Benefit Funds, they clearly did not "abandon the principle" at any point. It is more a case of "skimming off the top."

    4.   <u>The Sole Actor Rule, Which Overrides the Adverse Interest Exception, Applies Here</u>

Even if the adverse-interest exception is found to be applicable, the "sole actor" rule – an "exception to the adverse-interest exception" – trumps, and the Court should dismiss Plaintiffs' claims on this basis. *See 546-552 W. 146 St. LLC v. Arfa,* 863 N.Y.S.2d 412, 415 (1st Dep't 2008). Under the sole actor rule: "where a principal is 'completely dominated by [the agent] and habitually [does] whatever he request[s], such that the agent has been permitted to act without meaningful oversight or control, the principal is deemed to have abdicated its control of its agents and will be held accountable for the agents' actions.'" *In re Parmalot Secs. Litig.*, 447 F. Supp. 2d 602, 606 (S.D.N.Y. 2007).

Three of the Trustees of the Benefit Funds were allowed to commit numerous criminal acts over many years without the knowledge of the Plaintiffs, allegedly.[5] Since that is the case, for the purposes here, it appears that these three Trustees who were running the Funds (and committing fraud) and had "no meaningful oversight" and the Sole Relevant Actor Rule entitles the EMB Defendants to dismissal.

---

[5] Plaintiffs argue out of one side of their mouths that the EMB Defendants are liable for all of the acts of the entire conspiracy because they knew or should have known of the bribery conducted by one employee, Kelleher, which occurred during a short period of time, and involved only one labor union official. When it comes to *in pari delicto*, however, the Benefit Funds argue that despite the long history of criminal activity involving the District Council and the Benefit Funds, the Benefit Funds were entirely unaware – and had no reason to know – that its three of its trustees were involved in a conspiracy to defraud the Funds. That is simply absurd.

**CONCLUSION**

For all the foregoing reasons, the Amended Complaint should be dismissed with prejudice as against EMB Contracting Corp., Michael Batalias, and Elisavet Batalias.

Dated: New York, New York
April 25, 2012

*/s/ Thomas J. Curran*
Thomas J. Curran (Bar # TC-2020)
PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, New York 10010
(212) 382-0909

*Attorneys for Defendants*
*EMB Contracting Corp., Michael Batalias, and*
*Elisavet Batalias*