UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS
PENSION FUND, et. al.,

    Plaintiffs,


v.


MICHAEL FORDE,
MICHAEL BRENNAN, et. al.,

    Defendants

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/9/12

PRO SE OFFICE

Civil action No. 11-CIV-5474
Hon. Leonard B. Sand
Similar Case: 1:06-cv-06531-LBS-GWG

## NOTICE OF MOTION

    PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law, Declaration of Michael E. Brennan ("Defendant"), with attached Exhibits, and upon all prior papers and proceedings had in this action, Defendant Michael E. Brennan hereby move this Court, before the Honorable Leonard B. Sand, at the United States Courthouse, 500 Pearl Street, New York, New York, 10007, for an Order and Judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) dismissing the Complaint as against Brennan, along with such other and further relief as the Court deems just and proper.

    PLEASE TAKE FURTHER NOTICE that the Defendant is incarcerated, and respectfully requests that the Court rule on the papers.

Dated:    May 7, 2012                    Respectfully submitted,


                                         Michael E. Brennan
                                         Pro-Se Defendant
                                         Reg. No. 62582-054
                                         L.S.C.I., Allenwood
                                         Post Office Box 1000
                                         White Deer, PA 17887-1000

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
                          )
NEW YORK CITY DISTRICT    )
COUNCIL OF CARPENTERS     )
PENSION FUND, et. al.,    )
                          )
      Plaintiffs,         )
                          )
                          )
                          )
v.                        )    Civil action No. 11-CIV-5474
                          )    Hon. Leonard B. Sand
                          )    Similar Case: 1:06-cv-06531-LBS-GWG
                          )
MICHAEL FORDE,            )
MICHAEL BRENNAN, et. al., )
                          )
      Defendants          )
                          )
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL E. BRENNAN'S MOTION TO DISMISS THE COMPLAINT

### DECLARATION AND AFFIRMATION

Michael E. Brennan, Pro-Se Defendant, hereinafter ("Defendant") declares and affirms under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true.

### MEMORANDUM OF LAW

Michael E. Brennan ("Defendant") submits this Memorandum of Law in Support of his Motion To Dismiss the Plaintiff's

-1-

First amended Complaint. [1]

## PRELIMINARY STATEMENT

By this Motion, Defendant moves to dismiss the First, Second and Ninth claims for Relief, the only causes of action asserted against Him by Plaintiffs. These claims for damages against Defendant arise solely out of the delinquencies allegedly owed by On Par to the Plaintiffs. As the Plaintiffs have already recovered all of the alleged delinquencies from On Par, and Defendant is not alleged to have any other basis for liability, the claims against must be Dismissed as against Defendant. Moreover, Defendant was an employee of On Par during the alleged time frame of the delinquencies. Therefore as an employee of On Par, Defendant is entitled to the same release provisions  provided to On Par, who is not a party to this action.

Furthermore, regardless of the sufficiency and the propriety of the damage allegations, the claims are time barred. The First and Second claims asserting Civil RICO and RICO

---

[1]    Plaintiffs include Trustees of the New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Annuity Fund and New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund ("Plaintiffs" or "Funds"O. A copy of the First Amended Complaint dated November 21, 2011 ("complaint") is already docketed in this case. All references used herein follow the usage cited.

Conspiracy liability is barred by the four (4) year statute of limitations.

As to Plaintiffs' Ninth Claim for relief under New York's Common Law Fraud Doctrine, this claim is also barred by the On Par Settlement Agreement and Release, and the applicable New York Statute of Limitations Law.

And finally, the Plaintiffs' allegations in the First and Second Claim for relief are insufficient on their face to state a cause of action for Civil RICO conspiracy liability. Accordingly, for these reasons and those set forth herein, all claims against this Defendant should be dismissed.

I        STANDARD OF REVIEW OF PRO-SE LITIGANT PLEADINGS

Defendant respectfully requests that the Court liberally construe his Pleadings, since he has no formal legal training in legal matters. See **Haines v. Kerner**, 404 U.S. 519, 30 L.Ed. 652, 92 S.Ct. 594 (1972) ("_ _ the Pro-Se complaintant _ _ We **hold to less stringent standards than formal pleadings drafted by Lawyers**"); See also **Erickson v. Pardus**, 551 U.S. 89, 94 (2007) (Citations omitted) (Same).

II        PLAINTIFFS FAIL TO STATE A CLAIM
           AGAINST DEFENDANT BRENNAN
        BASED ON THE DELINQUENCIES OWED BY ON PAR

On its face, the Complaint's allegations of damages arising from On Par delinquencies is directly contradicted by the

Plaintiff's prior legal positions and statements contained in Public Documents filed in related cases specifically cited in the Complaint.

The essential fact remains that Plaintiffs have already agreed that their claims for all of On Par's delinquent and deficient contributions have been settled. It is undisputed that Defendant was an employee of On Par, and accordingly, is entitled  to the benefit of the Settlement of all claims alleged by Plaintiffs. See First Amended Complaint.

Most importantly, Plaintiffs have already satisfied their claims for all of On Par's delinquent contributions; an audit conducted by the Funds' own forensic accountant determined that $4,292,487.00 represented the total amount of On Par's fringe benefit liability, which amount was recovered. Any claims against Defendant arising from the alleged On Par delinquencies must be dismissed as the Complaint fails to state a claim for the alleged damages that is plausible on its face.

### A.   The 2009 Settlement Agreement And Satisfaction Of Judgment

Under the 2009 On Par Settlement, the Funds accepted payment in full, based on a compilation performed by the Funds' forensic accountant.

The $4,292,487.00 amount cited and acknowledged as true by the Funds in the Settlement Agreement, and for which a Satisfaction of Judgment was provided, represents the "amount of

fringe benefit liability" owed by On Par to the Funds, and there is no dispute that this amount has been paid in full. Any claim on additional amounts is without merit on its face and must be dismissed.

Although the Plaintiffs have not provided the court a copy of the On Par Settlement, this Court can take Judicial Notice of the Settlement documents which includes a Satisfaction of Judgment.

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "courts routinely take Judicial Notice of documents filed in other courts." **Kramer v. Time Warner**, 937 F.2d 767, 773, 774 (2d Cir. 1991). [2]

The 2009 Settlement Agreement and Satisfaction of Judgment are part of the On Par Civil Case, although the Plaintiffs have not named On Par as a part of this case because the liability is paid in full and Satisfaction of Judgment has been executed and filed in that proceeding.

The facts detailing the On Par liability that has now been satisfied are the same factual underpinnings of this case. The documents and prior proceedings in the On Par case are relied on and incorporated by reference here as to their legal effect

---

[2]
    Courts may "consider matters of which Judicial Notice may be taken under Fed. R. Evid. 201" <u>Id</u>. This is done "to determine what the documents stated, and not to prove the truth of their contents." <u>Roth v. Jennings</u>, 489 F.3d 499, 509 (2d Cir. 2007) (Citing <u>Kramer</u>, 937 F.2d at 774) (internal quotation and emphasis omitted).

and not for the truth of the matters as asserted therein. It is the fact that the Funds have acknowledged receipt of the full payment from On Par in prior litigation that Defendant relies upon. In addition, the statements in these other litigation documents are directly contrary to the statements in the Complaint as to the amount due from On Par, rendering such allegations a devoid of merit on the face in the case at bar.

The Second Circuit in **Kramer**, elaborated on the policy reasons for considering such a document on a motion to dismiss **Kramer**, 937 F.2d. at 774.

The Plaintiff's disingenuous and misleading allegations that the funds are still owed money, when in fact, they have been paid in full by the actual debtor demonstates the futility of this action and the waste of Judicial Resources.

## B.   No Order Of Criminal Restitution

Under Defendant's Plea Agreement with the Government, he was not required to pay restitution to the Funds. The fact that no restitution was ordered in the Federal Criminal case establishes that the Funds have recouped their actual losses from On Par pursuant to the **Mandatory Victims Restitution Act**, 18 U.S.C. § 3663A **("MVRA")**, the court "shall order restitution of each victim in the full amount of each victim's losses as determined by the Court. See 18 U.S.C. 3663A; **United States v. Loriaty**, 300 F.3d.244, 253 (2d Cir. 2002) ("the statutory focus on the

victim's losses and upon making victims whole.").

In Defendant's criminal case, he was not required to pay restitution for On Par who was his employer to the victim Funds. The Court relied on the Government and its incorporation of the Funds' representation that it had no remaining loss as to On Par, in determining that the Funds had already recouped all of their losses arising out of On Par. Pursuant to MVRA, if any losses did still remain, it was mandatory for the Court to order such payment.

The Government's Sentencing Memorandum that Defendant Olivieri has attached as Exhibit "7" contained in the Gardiner Declaration in Support Of his Reply Memorandum of Law is applied with equal force to Defendant Brennan. [3]

The Government's Memorandum referenced to above cites the mandatory loss calculation that must be done under the MVRA and finds specific loss amounts arising out of certain delinquent employees, but states as to On Par that: "No restitution has been imposed on any defendant in this case relating to losses to the Benefit Funds caused by On Par, because the Funds reached a settlement with On Par on or about 2009, pursuant to which On Par paid the Funds $4.5 Million to resolve all claims.

The Government's position which was supported by the On

---

[3]
> Defendant Brennan incorporates by reference all of Defendant Olivieri's arguments and Exhibits in support of his corresponding arguments to Dismiss this action against Defendant Brennan.

Par Settlement Agreement and Satisfaction of Judgment with the
Funds was adopted and found by the Court **United States v. Forde**
**et. al.,** **No. 08-CR-828 (Doc. No. 313)**. The Funds did not file
a request for restitution under the MVRA as to On Par, as none
was owed on any basis.


III.        THE PLAINTIFF'S CLAIMS ARE TIME BARRED

        As to Plaintiff's Civil RICO claims, those claims are
subject to a four (4) year statute of limitations and have run.
See **Agency Holding Corporation v. Malley-Duff & Associates, Inc**,
483 U.S. 143, 156 (1987).

        The Law is clear and settled that Civil RICO claims accrue
at the time of "discovery of the injury, not discovery of the
other elements of the claim." **Rotella v. Wood**, 528 U.S. 549,555
**(2000); Frankul v. Cole**, 313 Fed. Appx. 418, 419-420 (2d **Cir.**
**2009)**. The Court recognized that **"a racketeering patter** _ _ _
**might well be complex, concealed or fraudulent, and involve harm**
**back to parties wholly unrelated to an injured Plaintiff,"** but
found that such considerations did not disturb the injury
discovery rule, **Id**. at 559.

        As the initial Complaint was filed on August 5, 2011, only
damages for injuries discovered after August 5, 2007 may be
recovered by Plaintiffs. There is no dispute that the injury,
On Par delinquencies, was discovered prior to Auguest 5, 2007.

        In the case at bar, the Plaintiffs have asserted losses

-8-

after the time Defendant left On Par, as of 2004. <u>See</u> First amended Complaint. Accordingly, all of Plaintiff's Civil RICO claims are time barred.

IV.               <u>PLAINTIFFS FAIL TO STATE</u>
        <u>A CIVIL RICO CONSPIRACY CLAIM</u>

The Civil RICO Conspiracy claim against Defendant must also be Dismissed because it: (i)  Alleges only conduct occurring after the alleged racketeering activities had concluded; and (ii)  Completely fails to allege any facts constituting an agreement. "To establish a RICO Conspiracy claim pursuant to 1962(d), a Plaintiff must demonstrate that each defendant knew about and agreed to facilitate a pattern of racketeering activity. **<u>Continental Petroleum Corp., Inc. v. Corporation Funding Partners, LLC.</u>, No. 11 Civ. 7801 (PAE). 2012 WL 1231775, at \*8 (S.D.N.Y.) April 12, 2012),** Quoting **<u>Baisch v. Gallina</u>,** 346 F.3d 366, 377 (2d Cir. 2003)). **"To satisfy this standard, plaintiffs must establish as to each alleged co-conspirator: (1)  an agreement to join the conspiracy; (2)  the acts of each co-conspirator in furtherance of the conspiracy; (3)  that the co-conspirator knowingly participated in the same."<u>Continental Petroleum Corp., Inc. v. Corporation Funding Partners, LLC.</u>, No. 11 Civ. 7801 (PAE) 2012 WL 1231775 at \*8) (Internal Citation omitted);** <u>United States v. Snype</u>, 441 F.3d 119, 142 (2d Cir. 2006).

All of the allegations of Defendant's conduct end in 2004, which alleged that he destroyed documents as part of the conspiracy. See First Amended Complaint at page 39. There are no predicate acts alleged after 2004 when Defendant left the employment of On Par. Plaintiff's RICO Conspiracy claims are not only time barred, but fail to state a claim that Defendant acted in concert with the other alleged Co-Conspirators. For example, there is no assertion in the Complaint that Defendant met with the other alleged Co-Conspirators and agreed to participate in a conspiracy to defraud the Funds as a group.

**V.**      **PLAINTIFF'S CLAIMS THAT DEFENDANT**
**VIOLATED NEW YORK'S COMMON LAW FRAUD STATUTE**
**ARE TIME BARRED AND LACK SPECIFICITY**

Defendant incorporates all of his previous time bar arguments into his time bar argument for Common Law Fraud.

Any allegation of fraud in any shape, form or manner is totally devoid of merit. It is Black Letter Law that a claim of fraud which is the underlying misconduct alleged in support of the RICO and RICO Conspiracy claims must be pled with specificity. Plaintiffs have totally failed to meet this requirement. for example, the Complaint alleges the following vague conduct:

(1)   Brennan _ _ _ defrauded the Funds by submitting
        false shop steward reports that misrepresented
        the number of hours worked by carpenters on the

-10-

(On Par) job site. <u>See</u> First Amended Complaint
at ¶ 114. The allegation gives no date, number
of hours, or the identity of the carpenters
whose hours were under reported; and

(2)   "in addition, Brennan has admitted that he
destroyed subpoened documents to impede an
investigation by the Independent Investigator."
<u>See</u> First Amended Complaint, at ¶ 109.

The Plaintiff's allegation of documents he destroyed fails
because they do not identify the alleged documents destroyed
or their relevance to any claims of fraud in connection to the
Funds.

For all of the foregoing reasons, Defendant respectfully
requests that the Complaint be dismissed in its entirety as
against Defendant Michael Brennan, and that the Court Order
such other and fair relief as it deems just and proper.


Dated:      May 7, 2012              Respectfully submitted,


                                     Michael E. Brennan
                                     Pro-Se Defendant
                                     Reg. No. 62582-054
                                     L.S.C.I., Allenwood
                                     Post Office Box 1000
                                     White Deer, PA 17887-1000


-11-

## PROOF OF SERVICE

Michael E. Brennan, Pro-Se Defendant declares and affirms under penalty of perjury pursuant to 28 U.S.C. § 1746 that he did serve a true and correct copy of Michael E. Brennan's Notice Of Motion (To Dismiss Plaintiff's First Amended Complaint) and accompanying Memorandum Of Law In Support Of Defendant Michael E. Brennan's Motion To Dismiss The Complaint on Harlan J. Silverstein, Esq. and Raymond G. McGuire, Esq. by placing the papers in a sealed envelope with Pre-Paid First Class United States Postage addressed to Harlan J. Silverstein, Esq. and Raymond G. McGuire, Esq., Kauff Mcguire & Margolis LLP, 950 Third Avenue, Fourteenth Floor, New York, New York 10022 this 7th day of May, 2012, and depositing it in the inmate Legal Mail system at Low Security Correctional Institution, Allenwood, Post Office Box 1000, White Deer, Pennsylvania 17887-1000.


SERVED ON:

      Raymond G. McGuire, Esq.
      Harlan J. Silverstein, Esq.
      Kauff McGuire & Margolis LLP
      950 Third Avenue
      Fourteenth Floor
      New York, New York, 10022


Dated: May 7, 2012         x _Michael E Brennan_

-12-

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
                                    )
NEW YORK CITY DISTRICT              )
COUNCIL OF CARPENTERS               )
PENSION FUND, et. al.,              )
                                    )
       Plaintiffs,                  )
                                    )
                                    )
                                    )
v.                                  )    Civil action No. 11-CIV-5474
                                    )    Hon. Leonard B. Sand
                                    )    Similar Case: 1:06-cv-06531-LBS-GWG
                                    )
MICHAEL FORDE,                      )
MICHAEL BRENNAN, et. al.,           )
                                    )
       Defendants                   )
                                    )
```

## DEFENDANT MICHAEL BRENNAN'S MOTION TO STRIKE

### DECLARATION AND AFFIRMATION

Michael E. Brennan, Pro-Se Defendant, hereinafter ("Defendant") declares and affirms under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true.

### BRIEF INTRODUCTION TO THE FACTS

The Defendant was originally a member in good standing of Local 608, a Union governed by the New York District Council of Carpenters, the Pension Fund and collectively, the Plaintiffs.

Defendant was appointed as a Shop Steward by the Union, a position which he held until 2004, when he resigned his position,

-1-

amid questions surrounding his job performance and the accuracy of his job reports being called into question. Defendant invoked the Fifth Amendment to the United States Constitution, giving the Plaintiff an adverse inference as to the questions propounded, thereby placing Plaintiff on notice as to any claims they might have had under this instant Complaint, and leaving Defendant untenable in his position as Shop Steward.

Shortly thereafter, Defendant resumed his duties strictly as a carpenter working various sites which he maintained for approximately six months before sustaining a life threatening injury, falling thirty five feet, requiring his retirement, due to said injury.

Approximately four years later, Defendant was indicted and pled guilty to RICO related activity for a minor role, in which he was not held accountable for any restitution, although the Co-Defendants, who unlike Defendant were fiduciaries and trustees, yet there was deemed no restitution obligations owed to the Plaintiffs. Co-Defendants in the Complaint are criminal Co-Defendants.

In October of 2011, Defendant was served as a named party in this instant Complaint, and after having been granted time to conduct research and obtain critical source documents, referenced in the complaint, was ordered to file his responsive pleading on or before May 7, 2012.

Defendant herewith files his Motion To Strike as one of two (2) responsive pleadings, the other being his Motion To Dismiss.

## PARAGRAPH TEN (10) IN PLAINTIFF'S FIRST AMENDED COMPLAINT
## SETS FORTH TWO DISTINCT RESPONSIBILITIES
## WITH RESPECT TO THIS DEFENDANT

Although Plaintiffs filed a First Amended Complaint which was served on Defendant in January of 2012, it will hereinafter be referred to as the ("Complaint").

Plaintiffs single out Defendant in Paragraph ten (10) stating in the Complaint that District Council's Collective Bargaining Agreement(s), hereinafter ("CBAs") generally authorized the District Council (or constituent local unions) to appoint a "shop steward" to each job.

The Complaint goes on to assert that "The shop steward's principal duty was to be the daily 'eyes and ears' of the District Council (or appointing union) and to report a contractor's violations of the CBA."

The Complaint further asserts the shop steward was "required to submit weekly reports, referred to as a shop steward reports to the constituent local union office identifying all carpentry-trade employees, including union and non-union members, and the hours they worked.

The above two purported responsibilities were attached to this Defendant, from which the claims made under the Complaint arise.

Unfortunately, the first responsibility cited by Plaintiff is purely fabricated, worthless matter, lacking any veracity or substance whatsoever.

-3-

The second responsibility cited in paragraph ten of the Complaint is essentially accurate as to the specific detail of the preliminary report made by stewards such as Defendant.

### THE FINAL SENTENCE IN PARAGRAPH TEN (10) IS A CONCLUSORY STATEMENT WHICH DISTORTS AND MISCHARACTERIZES DEFENDANT'S RESPONSIBILITY

Plaintiff makes a totally conclusory statement in the last sentence of paragraph ten (10) in the Complaint. Plaintiff states, "The Funds relied upon the shop steward reports to ensure that contributions to the Funds were being made for all covered work." In reality, the shop steward only made the initial rough count which was submitted to the foreman, who audited the report, then after signing, the report was submitted to the Business Manager with the District Council or union, who further audited the report and checked it for accuracy. It was the rendering of the Business Manager's signature which the Funds relied upon, as opposed to the shop steward solely being required to furnish all data and information to the funds.

### PLAINTIFF QUOTES THE CBA CITING LANGUAGE WHICH DOES NOT EVEN EXIST

In the first sentence of paragraph ten (10) of the Complaint, Plaintiff takes pains to quote the CBA by using the words "Shop Steward" right out of the CBA. This is accurate in that such is provided for under the By-Laws (See Section "16"

entitled, "Appointment Of Stewards" By-Laws furnished by
Plaintiff to Defendant pursuant to Defendant's request). It is
also well covered by the CBA under the section entitled "Hiring
Schedule" (See Collective Bargaining Agreement (CBA), Article
VI "General Foreman - Foreman Hiring Schedule" CBA furnished to
Defendant by Plaintiff pursuant to Defendant's request for the
indispensible "Source Documents" cited in Defendants most recent
Motion for Extension Of Time).

Section 16 of the By-Laws are attached as Exhibit "A"
herewith. Article VI, Sections 1 and 2, (a)(b) & (c), pages 16
and 17 of the CBA are attached as Exhibit "B" herewith.

In sentence two of paragraph ten of the Complaint, the
Plaintiff further quotes the CBA as saying the shop steward's
principal duty was to be the daily "eyes and ears" of the
District Council (or appointing union) and to report a
contractor's violations of the CBA.

What is critical here, is that the term, "eyes and ears,"
is nowhere to be found in the Collective Bargaining Agreement.
Yet, Plaintiff quotes it in the Complaint from the CBA, as though
it exists in that document, which it does not. The other quote
from the CBA in paragraph ten, that being "shop steward," which
appears in the Complaint a line above, is found and quoted
properly. However, the term, "eyes and ears," quoted by Plaintiff
in the Complaint simply cannot be permitted to stand. It must be
stricken. A Complaint quoting language from a source document

-5-

in which that language is nowhere to be found, is frivolous at least, fraudulent at worst. It is irrelevant, impertinent and cannot be used in such a way as to rely on the quote as a basis to make allegations in a complaint.

Plaintiff goes further to state that the shop steward's being the "Eyes and ears" is his principal responsibility. This is patently false, as such is nowhere in the CBA, in spite of the fact Plaintiff relies on this as a basis for including Defendant in the Complaint.

Lest the Plaintiff try to circumvent his absolute responsibility to remove this disingenuous and fabricated passage, in an attempt to say the wording is a paraphrase, it comes on a line in which an actual and accurate quote, that being the "shop steward" does, in fact appear. The inescapable inference from reading this unartful paragraph in the complaint is at least misleading. Both quotes are represented as CBA originated.

Until this Defendant obtained the source document CBA from Plaintiff, he was understandably mired in a confused state, not ever having been trained to be the "Eyes and ears," no less assuming the responsibility as his primary one. This required Defendant to obtain a copy of the CBA and verify that such langauge was nothing short of scandalous, attempting to foist a moral obligation on Defendant through the purported CBA which never existed.

Therefore, the statements that:

-6-

(1)   The shop steward's principal (sic) duty was to be the daily "eyes and ears" of the District Council (or appointing union);[1] and

(2)   to report a contractor's violations of the CBA;´

must be stricken.

It is interesting to note that, based upon the purported and now proven erroneous and fallacious "duty" of the shop steward, the responsibility to compile the report referenced in the sentence after the false quote is subordinated by the Plaintiff expressly. This subordination reflects the lesser importance of the job of compilation of the shop steward's "job report," the actual report submitted by Defendant in all instances. This report has nothing to do with payroll, and therefore, no attachment to the reliance of the Pension Fund in determining the amount of contributions to the fund on a regular basis. There is more than ample basis, given the facts to strike paragraph ten (10) of the Complaint in its entirety.

---

[1]
    Plaintiff makes what is presumed to be an error in usage with the spelling of the word "principal" in reference to the shop steward's "principal duty." This is erroneous  in the sense that a principal is an executive and one who holds primary authority. The implication by the Plaintiff should not be that a shop steward holds executive authority. Yet that is exactly what he has stated with the use of principal. A shop steward is a designated rank and file employee who compiles a list as one of his extra duties, from which executives audit and generate the report Plaintiff mischaracterizes as the steward's. Plaintiff should have used the term "principle" denoting the first and main duty when making his allegation, which is the non-existent quote from the CBA. This further demands the passage be stricken.

## LEGAL STANDARD

Rule 52 of the Federal Rules Of Civil Procedure (F.R. Civ. P.) state:

"The Court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter. In like manner and procedure, the Court may order stricken any such objectionable matter from briefs, documents, or any other papers or responses filed with the Court."

Applying this standard to material purportedly from a Collective Bargaining Agreement, when in fact, such language does not even exist, is a wanton affront.

It is the springboard for the allegations made against Defendant in the Complaint. Subsequent verbiage relies on the premise in paragraph ten in the Complaint and is conclusory, based on the presumed efficacy of the quoted material, which does not exist.

Clearly the practice of quoting non-existant verbiage from a source document as a basis for alledging violations by the Defendant clearly meets the standard for Striking the material.

## CONCLUSION

Plaintiff cannot escape its obligation to only quote what is in a source document it refers to, in this case, the CBA.

The Plaintiff's reliance on a record that does not exist

-8-

illustrates Plaintiff's misconduct and constitutes a possible violation of Rule 11 of the Federal Rules Of Civil Procedure.

WHEREFORE, Defendant requests this Honorable Court to:

 (1) Strike Paragraph Ten (10) of Plaintiff's First Amended Complaint in its entirety, but at least the passage referring to a shop steward as the "eyes and ears" of the District Council(or appointing Union), as it may refer to the CBA;

 (2) Strike the term, "Principal duty" from the same sentence as it is in reference to reporting violations of the CBA; and

 (3) Any other relief this Honorable Court deems appropriate.

In the alternative, Defendant asks this Court to GRANT his Motion To Dismiss the Complaint.

Dated: May 3, 2012   Respectfully submitted,

*Michael E. Brennan*

Michael E. Brennan
Pro-Se Defendant
Reg. No. 62582-054
L.S.C.I., Allenwood
Post Office Box 1000
White Deer, PA 17887-1000

## LIST OF EXHIBITS

**Exhibit   "A"**          New York City District Council of
                           Carpenters By-Laws: Section 16
                           APPOINTMENT OF STEWARDS


**Exhibit   "B"**          New York City District Council of
                           Carpenters Collective Bargaining Agreement
                           ARTICLE VI   General Foreman - Foreman
                                           Hiring Schedule
                           (pages 16 & 17)

-10-

## PROOF OF SERVICE

Michael E. Brennan, Pro-Se Defendant declares and affirms under penalty of perjury pursuant to 28 U.S.C. § 1746 that he did serve a true and correct copy of Defendant Michael Brennan's Motion To Strike, along with accompanying Affidavit of Michael E. Brennan and Calculation Of Time on Harlan J. Silverstein, Esq. and Raymond G. McGuire, Esq. by placing the papers in a sealed envelope with Pre-Paid First Class United States Postage addressed to Harlan J. Silverstein, Esq. and Raymond G. McGuire, Esq., Kauff McGuire & Margolis LLP, 950 Third Avenue, Fourteenth Floor, New York, New York, 10022 this 7th day of May, 2012, and depositing it in the inmate Legal Mail system at Low Security Correctional Institution, Allenwood, Post Office Box 1000, White Deer, PA 17887-1000.


SERVED ON:

    Raymond G. McGuire, Esq.
    Harlan J. Silverstein, Esq.
    Kauff McGuire & Margolis LLP
    950 Third Avenue
    Fourteenth Floor
    New York, New York 10022


Dated: May 7, 2012

X _Michael E. Brennan_
    Michael E. Brennan

-11-

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
                                    )
NEW YORK CITY DISTRICT              )
COUNCIL OF CARPENTERS               )
PENSION FUND, et. al.,              )
                                    )
        Plaintiffs,                 )
                                    )
                                    )
v.                                  )        Civil action No. 11-CIV-5474
                                    )        Hon. Leonard B. Sand
                                    )        Similar Case: 1:06-cv-06531-LBS-GWG
MICHAEL FORDE,                      )
MICHAEL BRENNAN, et. al.,           )
                                    )
        Defendants                  )
                                    )
```

## AFFIDAVIT OF MICHAEL E. BRENNAN

MICHAEL E. BRENNAN, Pro-Se Defendant, hereinafter ("Defendant"), declares and affirms under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

   1.   I am a named Defendant in the above entitled matter.

   2.   I am familiar with the allegations set forth in the instant Complaint, and submit this Affidavit in support of Defendant Michael E. Brennan's Motion To Strike certain parts or all of paragraph Ten in Plaintiff's First Amended Complaint.

   3.   Attached hereto as Exhibit "A" is a true and correct copy of the Plaintiff's By-Laws, specifically Section 16,

entitled, "APPOINTMENT OF STEWARDS."

4.   Attached hereto as Exhibit "B" is a true and correct copy of pages 16 and 17 of the Collective Bargaining Agreement entered into by the Plaintiff, specifically entitled in part, "ARTICLE VI General Foreman - Foreman Hiring Schedule."

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 7, 2012                    X _Michael E Brennan_

                                         Michael E. Brennan

-2-

E X H I B I T   **" A "**

E X H I B I T      " A "

United States v. District Council, et al., 90 Civ. 5722, for the registration and/or referral to employment of unemployed workers. Workers shall have employment mobility throughout the territorial jurisdiction of the Council.

The referral of all workers to jobs shall be performed by the Executive Secretary-Treasurer. The Executive Secretary-Treasurer shall maintain records of all worker registration and referrals which shall be reviewed regularly by the Executive Committee and which may be reviewed by any member upon reasonable request.

## APPOINTMENT OF STEWARDS
Section 16.

All stewards will be appointed by the Executive Secretary-Treasurer in a fair and equitable manner consistent with job referral rules and the Consent Decree entered in United States v. District Council, et al., 90 Civ. 5722. Stewards shall be appointed according to their skills and position on the out-of-work list. The Council may require workers who desire to serve as a steward to complete the UBC's Comprehensive Steward Training Program and to have five (5) years working experience in the construction industry or proof that he or she has completed the apprenticeship program and has at least one (1) year working experience in the construction industry before being appointed as a steward. No worker shall be referred from the out-of-work list out of turn to fill a steward position.

## COLLECTIVE BARGAINING
Section 17.

The Executive Committee shall have the exclusive power and authority to negotiate, the Delegate Body to consider and finally approve, and the Executive Secretary-

Treasurer to execute Collective Bargaining Agreements for and on behalf of its affiliated Local Unions, except to the extent the International Union exercises its jurisdiction or authority.

## TRUST FUNDS
Section 18.

The Delegate Body shall have the power and authority to appoint and remove representatives for and on behalf of its Local Unions to act as Trustees for all negotiated Employer/Union Trust Funds including, but not limited to, Health and Welfare, Pension, Labor-Management Cooperation Committee, Vacation, Savings and Holiday Plan and Apprenticeship, and to determine all allocations from negotiated total wage amounts to such negotiated Trust Funds.

## INITIATION FEES
Section 19.

The initiation fee(s) in this Council shall be in accordance with the Constitution of the United Brotherhood. Arrangements may be made for the payment of initiation fees by installments. The Initiation Fee for apprentices shall also be in accordance with the Constitution of the United Brotherhood. Where an ex-member has violated any of the Rules and Laws of this Council and has been tried and found guilty of same and where a fine has been imposed, such fine must be paid before initiation.

## WORKING CARDS
Section 20.

The Council shall have the power to issue quarterly working cards to the Local Unions for each member of the United Brotherhood on the Local Unions books. No member shall be entitled to receive a working card from a Local Union unless all

E  X  H  I  B  I  T      " B "

( 1 of 2 )

comply with requirements of Union membership set forth herein.

## ARTICLE VI

### General Foreman - Foreman

### Hiring Schedule

**Section 1.**   The General Foreman and Foreman shall be the agents of the Employer.  The right to hire and discharge employees rests with the authorized representatives of the Employer.  If the Union prefers charges against the General Foreman or Foreman as such, they shall file a copy of such charges against them with the Trade Board one week preceding the hearing on the charges.

**Section 2.**   The first Carpenter on the jobsite shall be referred by the Union.   The second Carpenter shall be the Employer's selection.  The balance shall be 50% from the Union and 50% from the Employer.  The Union will cooperate, in order to meet all legal requirements, and furnish qualified Carpenters.   A working Job Steward on each shift shall be appointed by the Union.

...1 jobs regardless of what type of agreement they work under shall have a New York District Council of Carpenters certified Shop Steward.   All New York City District Council certified Shop Stewards shall be given time to deliver his or her Shop Steward reports for that work week to the Union hall in the jurisdiction area they are working in and the time must be agreed between the

16

E X H I B I T        " B "

( 2 of 2 )

Employer and the Steward. When a signatory Employer wishes to layoff a Shop Steward during a continuous employment, the Employer must notify the Union and have a meeting on the job with the Union within twenty-four (24) hours.  If termination takes place, a letter must be sent to the Union.

(a) Not withstanding the provisions of **Section 2** of this **Article**, upon completion of projects by the signatory Employer, the Employer, with prior notice to the Local Union, may employ one Carpenter on the project for up to three (3) days to perform "punch list" work.

(b) When four (4) or more Carpenters are employed, one (1) shall be the Foreman.  The Employer at its sole discretion, may designate a second foreman, who, shall be from the local Union in which geographical jurisdiction the job is located. When five (5) or more Carpenter Foremen are employed, there will be one (1) General Foreman designated by the Employer.

(c) Nothing in this Section shall restrict an Employer's right to discharge any Carpenter for good cause.  If the person so discharged was obtained from the District Council, the replacement must be obtained from the same source in order to maintain the fifty-fifty ratio of employment.

(d) When an Employer requests the Local Union to send members to a job, the Local Union shall send employees experienced in the

17

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS
PENSION FUND, et. al.,

    Plaintiffs,

v.

MICHAEL FORDE,
MICHAEL BRENNAN, et. al.,

    Defendants

Civil action No. 11-CIV-5474
Hon. Leonard B. Sand
Similar Case: 1:06-cv-06531-LBS-GWG

## CALCULATION OF TIME
### FOR RULING ON DEFENDANT MICHAEL E. BRENNAN'S
### MOTION TO DISMISS COMPLAINT
### AND
### MOTION TO STRIKE

Based on the alloted times by the Parties and the three day allotment for mailing, in the above entitled Pleadings, set forth by Local Rules, these matters will be ripe for Ruling on June 20, 2012, unless otherwise extended by the Court.

Dated: May 7, 2012

Respectfully submitted,

*Michael E Brennan*

Michael E. Brennan Pro-Se
Reg. No. 62582-054
L.S.C.I., Allenwood
Post Office Box 1000
White Deer, PA 17887-1000

-1-