UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NEW YORK CITY DISTRICT
COUNSEL OF CARPENTERS
PENSION FUND, et, al.,

Plaintiffs,

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8|8|2012

Civil Action No.: 11-CV-5474 (LBS)

v.

Michael Forde,
Michale Brennan, et, al.,

Defendants

PRO SE OFFICE

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MICHAEL BRENNAN'S MOTION TO DISMISS AND MOTION TO STRIKE

COMES NOW Michael E. Brennan, respectfully submitting this response to the Pliantiffs' Memorandum of Law in opposition to Defendants Motion to Dismiss and Motion to Strike for filing in the above referenced cause.

1


RECEIVED
AUG -8 2012
PRO SE OFFICE

I, Michael E. Brennan, hereinafter "Defendant" respectfully request that this complaint be dismissed pursuant to Collateral Estoppel Res Judicata, and failure and/or refusal to file Civil Rico Claim within the 4-year statute of limitations.

Defendants reason and beliefs have been submitted in the previous filings and herein this instant motion.:

## ARGUMENT

Defendant was an employee of On Par Contracting Corp., owned by James Murry from October 22, 2001 A.D. as a (Union Carpentry Shop Steward) until July of 2004 A.D.. Defendant officially retired do to a work related life threatening injury on or about June 25, 2005 A.D., which ended any and all relationships with On Par and James Murry.

Plaintiff's have indicated that they had prior knowledge of the acts charged in this Civil Rico and failed and/or refused to persevere their right to file a Civil Rico later for funds that were not recouped in prior civil litigation. See attached exhibit marked (A).

1.    Plaintiff's have indicated that "A consent Decree prohibiting conduct such as that engaged in by Defendant and other parties to this action was entered by the District Court in 1994. (FAC ¶ 10.)

Under the Consent Decree, and pursuant to a Stipulation and Order entered by the Court on December 18, 2002, United States v. District Counsel, No. 90 Civ. 5722 (S.D.N.Y. Dec 18, 2002), Walter Mack was appointed Independent Investigator to monitor the District Counsel's compliance with the Consent Decree. Mr. Mack served as Independent Investigator through 2005.)"

2.     On or about July 26, 2006 A.D., Plaintiff's commenced a lawsuit alleging, inter alia, that On Par failed to make required contributions on behalf of its employees to the Benefit Funds, in violation of their collective bargaining agreement and federal law. This suit claimed that: (Upon information and belief, at times between 2000 and 2005 Murry, acting by himself and/or in concert with persons acting under his direction and control, engaged in a concerted and systematic scheme to defraud the Funds of contributions required to be paid on behalf of On Par's carpenter employees by: (a) paying carpenters, or causing carpenters to be paid in cash and/or "off the books" for the purpose, inter alia, of avoiding the required fringe benefit fund contributions to the Funds; (b) submitting and/or communicating, or causing On Par to submit and/or communicate, false reports and information to the Funds (or its agents) that deliberately omitted covered employees; (c)

conspiring with shop stewards so that covered employees were deliberately not reported on shop steward reports to conceal such obligations from disclosure to the Funds and its auditors; and (d) other schemes and artifices presently unknown. Apparently an agreement was entered between On Par Murry, acting by himself and/or with persons acting under his direction and control this included shop stewards, which at the time the Defendant was an employee of On Par. The above referenced agreement provided, that On Par would be "subject to an audit to determine the exact amount of monies due to the Funds," as well as additional, subsequent audits at the request of the Benefit Funds. Further, the Benefit Funds were entitled to "exercise[] their right to audit [On Par's] records for the Delinquency Period, and to recover contributions that were not properly reported or paid to the Funds, with interest and penalties." On Par filed a Motion to Vacate and Amend Default Judgment which was denied by United States District Court Judge Alvin K. Hellerstein and the United States District Court issued an order that stated: that "On Par remains liable for its delinquencies for the entire period asserted in the complaint, in addition to unpaid interest, statutory damages, and fees, as provided for by statute. Consistent with the Paayment Plan Agreement, the default judgment was based upon an audit revealing a delinquency of $9,455,283.17. The payment of $750,000 is to be credited against On Par's interest obligations. See

4

e.g., Spang Indus., Inc. v. Aenta Cas. and Sur. Co., 512 F.2d 365, 371 (2d Cir. 1975) (partial payments applied first to interest then due, with surplus discharging principal) (citing Ohio Seavings Bank & Trust Co. v. Willys Corp., 8 F.2d 463, 466-67 (1925))."

Accordingly, On Par's motion to vacate was denied and Judge Hellerstein amended the default judgment of October 31, 2006 A.D., and ordered that default judgment shall be entered against On Par in the amounts as follows: $9,455,283.17 in delinquent benefit fund contributions, in addition to interest on unpaid contributions in an amount of $1,896,260.01, pursuant to 29 U.S.C. § 1132(g)(2)(B), and statutory damages, also in the amount of $1,896,260.01, pursuant to 29 U.S.C. § 1132(g)(2)(c)(i), and cost and fees in the amount of $3,193.75, for a total default judgement amount of $13,250,996.94. dated June 25, 2007 A.D..

Apparently $9 million in lost contributions was recovered from On Par and Plaintiff's claim that $5.9 million of that amount remains unrecovered.

3. The above referenced facts prove that Plaintiff's knew that there was an outstanding balance and failed and/or refused to file the Civil Rico before the statute of limitations tolled. If the Defendant in this cause of action did not plead guilty to charges of unlawful racketering in violation of 18 U.S.C. § 1962(c) there is a probability that Plaintiff's

5

would not have filed this Civil Rico.

Whereas, the prior filing of the civil complaint and the default judgment entered against On Par and its employee's constitutes final judgment. Also Plaintiff's had an opportunity to litigate their claims in a earlier suit. Therefore, the recent violations that are alleged in this complaint are only being used to hurdle the barrier posed by the 4-year statute of limitations and the collateral estoppel res judicata doctrine.

Collateral Estoppel

In order to apply the Collateral Estoppel Res Judicata doctrine two conditions must be satisfied. First, the second prosecution must involve the same parties as the first. Second, the issue sought to be foreclosed must have been previously determined by a valid and final judgment.

One, in this cause of action, Plaintiff's admit that they filed a prior civil claim in the United States District Court for the Southern District of New York on July 26, 2006 A.D., and Defendant was the Shop Steward working for On Par Contracting Corp. Two, Plaintiff's admit that a Satisfaction of Judgment was entered related to On Par and the parties that were named and/or unnamed in the suit.

The above referenced facts prove that this Civil Rico is based

on the exact same issues that were filed in the 2006 A.D., Civil
Complaint. Therefore, Plaintiff's are now time bared by Collateral
Estoppel Res Judicata. See, Gainesville v. Lsland Creek Coal Sales
Co. (1984 ND Fla) 618 F.Supp 513, affd (1985 CA 11 Fla) 771 F.2d
1495., which held: when factual matters underlying civil rico claim have
been submitted to arbitration by agreement of parties, and are thereby
resolved, parties are precluded from relitigating them in subsequent
civil rico action. See also, Greenblatt v. Drexel Burnham Lambert, Inc.,
which held: nature of rico claim asserted in case in which Rico claim
is interwined with arbitrable state law contract which has gone to
arbitration favors application of Collateral Estoppel to arbitration
panel's fact finding where predicate acts alleged in Rico claim are
essentially amalgamation of contractual, state law, and federal securities
claims, contractual and state law allegations are same allegations that
were presented to and necessary decided by arbitration panel, and
determination of those issues were directly within scope of contractual
arbitration clause and arbitrator's expertise.

It is irrefutable that this Civil Rico complaint is based on the
the exact same issues that were filed in the July 2006, Civil complaint,
in which the Plaintiff's settled on June 25, 2007 A.D.. If there was
any breach in the settlement agreement Plaintiff's should have brought
it to the Court's attention for further adjudication and they failed and/or

refused to do so within the 4-year time limitation.

Thereby, it is respectfully requested that this Court dismiss the claims submitted against Defendant according to the collateral estoppel res judicata doctrine.

### Statute of Limitations

Accordingly, Plaintiff's claim that Defendant was not part of the July 26, 2006 A.D., Civil Compliant. This argument fails as a matter of law. The Supreme Court has held that an employee who conducts the corporation's affairs through an unlawful Rico "pattern ... of actvity," § 1962(c), uses that corporation as a "vehicle" whether he is, or is not, its sole owner. See Cedric Kushner Promotions v. King 150 L.Ed.2d 198, 533 U.S. 165.

The evidence in this cause supports a finding that Defendant was under the employment of On Par Contracting Corp. owned by James Murry from October 22,2001 A.D. as a (Union Carpentry Shop Steward until July of 2004 A.D., and officially retired on or about June 25, 2005 A.D., and named in the July 2006, complaint.

Whereas, Plaintiff's claim of Equitable Tolling as it pertains to Defendant, as a matter of law is moot.

8

As averred in Defendant's Memorandum of Law in support of Defendant's Motion to Dismiss the Complaint. The initial Complaint was filed on August 5, 2011 A.D., and only damages for injuries discovered after August 5, 2007 A.D., may be recovered by Plaintiff's in which Defendant could not be held liable because of his retirement from On Par. There is no disput that the injury, On par's delinquencies, were discovered prior to August 5, 2007 A.D., but Plaintiff's assert their losses after the time Defendant left On Par, as of 2004 A.D., any claim of losses that occurred before 2004 A.D., would have had to be part of the July 2006 A.D. civil complaint.

Thereby, in an attempt to save their claim, Plaintiff's assert the limited exception of equitable tolling. "In exceptional circumstances, equitable tolling doctrines such as the doctrine of fraudulent concealment may provide some relief from Rottella's stringent injury discovery rule." Nat'l Group for Communications & Computers Ltd. v. Lucent Technologies Inc., 420 F.Supp.2d 253, 264 (S.D.N.Y. 2006). However, the doctrine is extremely limited, and the "burden of demonstrating the appropriateness of equitable tolling argument must show that "(1) the defendant wrongdoing; (2) the concealment prevented plaintiff's 'discovery of the nature of the claim within the limitations period; and (3) the plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 30 (2d. Cir. 2002). A Plaintiff must "plead

each of these elements with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure." Nat'l Group, 420 F.Supp.2d at 265.

"Equitable tolling arguments are only successful if the fraudulent concealment claim would result in tolling." Koch v. Christie's International PLC, 785 F.Supp.2d 105, 117 (S.D.N.Y. 2011). "The key inquiry is not whether the plaintiff had all the information available to him, but whether the plaintiff knew enough to sue," Id., "within the limitations period." Tho Dinh Tran 281 F.3d Id at 30.

Plaintiff's argument must fail because they affirmatively state that they were on notice of the alleged racketeering acts prior to the expiration of the statute of limitations period. Specifically, Plaintiff's argue that "[t]he cumulative effect of these acts of concealment was to prevent Plaintiff's from discovering material facts about the Rico conspiracy until after indictments were unsealed on and after August 5, 2009." As the original civil Rico statute of limitations began to run when Plaintiff's discovered the injury on or before July of 2006 A.D., and Plaintiff's concede they had all of the information they needed to sue three years later, they could have, but did not file a timely suit. Therefore, there can be no disput that whatever alleged wrongful concealment occurred, it did not "prevent[] Plaintiff's discovery of the nature of the claim within the limitations period." because this civil Rico is based on the July 2006 A.D.

complaint. Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 36-37 (2d Cir. 2002). As such, equitable tolling cannot save the Plaintiff's.

In Koch, the court rejected application of equitable tolling where the "Plaintiff has plead no facts to allege that he did not have enough information to sue before [expiration of the statute of limitations in] 2004." Koch, 785 F.Supp.2d at 117. Here, Plaintiff's have affirmatively stated that they did file a civil complaint On July of 2006 A.D., and a Settlement of Judgment was entered by the U.S. District Court for the Southern District of New York on June 25, 2007 A.D., which is undisputedly prior to the expiration of the 4-year civil Rico statute of limitation, (under any of the proposed limitation calculations). Regardless of the sufficiently of the Plaintiff's allegations as to wrongful concealment on Defendant's part, Plaintiff's agree it had no effect on the Plaintiffs' ability to file a timely action. Thus, Plaintiff's undisputedly fail to meet the second required element of equitable tolling, namely: "(2) the concealment prevented Plaintiff's 'discovery of the nature of the claim within the limitations period." Tran, 281 F.3d at 36-37.

Moreover, the alleged wrongful concealment by Defendant does not suffice to trigger application of equitable tolling doctrine in this cause. As Rotella recognized that by their very nature recketeering enterprises and conspiracies are often "concealed or fraudlent," Rotella, 528 U.S. at

11

555, 559, application of equitable tolling must rely on something more than the alleged wrongful actions constituting the claim. See Koch v. Christe's International PLC, 785 F.Supp.2d 105, 117 (S.D.N.Y. 2011) (fraudulent concealment must be directed at Plaintiff's notice of the underlying claim. "otherwise every fraudulent concealment claim would result in tolling'"); see also Nat'l Group, 420 F.Supp.2d at 267, n 20 (distinguishing the notion of "self-concealing" Wrongs stated in New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1083 (2d Cir. 1988), cited by Plaintiff's here, as pre-dating Rotella and not involving civil Rico claims).

Furthermore, Plaintiff's have failed to state any facts as to how the alleged wrongful concealment affected or misdirect the Plaintiff's in their ability to file for breach of the Settlement Agreement against On Par. Without any affirmative statement that the alleged wrongful concealment was directed at Plaintiff's by Defendant and actually did prevent Plaintiff's from filing for breach of settlement agreement, the equitable tolling exception does not apply.

## CONCLUSION

It is quite clear and convincing that Plaintiff's are attempting to collect the outstanding balance of 5.9 million that was a part of the first

civil complaint filed and or settled on June 25, 2007 A.D., but failed and/or refused to file for breach in the United States district Court for the Southern District of New York before the 4-year statute of limitations have run and are now attemption to hurdle the 4-year limitation by filing a Civil Rico base on the same facts and subsequent events as the July 2006 A.D., Civil Complaint which is now bared by collateral estoppel res judicata.

Thereby it is respectfully requested that this complaint be dismissed against Defendant for the above referenced facts in the ends of justice.

Thank you for your time and attention in the above referenced matters.

Respectfully submitted

Michael E. Brennan
Federal Prison Camp Lewisburg
Post Office Box 2000
Lewisburg, Pennsylvania 17837
U.S.M.S. No.: 62582-054

13

## CERTIFICATE OF SERVICE

I, Michael E. Brennan, hereby certify that I have mailed a copy of the attached Motion in response to plaintiff's opposition to Defendants Motion to dismiss and Motion to Strike, via U.S. Postal Service, postage pre-paid from FPC Lewisburg on this the ___6___ day of ___August___, 2012 A.D. to the following addresses:

Raymond G. McGuire, Esq
Harlan J. Silverstein, Esq
Kauff Mcguire & Margolis LLP
950 Third Avenue
Fourteenth Floor
New York, New York 10022

/s/ Michael Brennan

14

EXHIBIT    A




EXHIBIT    A




EXHIBIT    A




EXHIBIT    A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE NEW YORK DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND and NEW YORK
CITY, by their Trustees Michael J. Forde and
Paul O'Brien, and NEW YORK CITY AND VICINITY
CARPENTERS LABOR-MANAGEMENT CORPORATION,

06 CV. 5643

Judge Hellerstein

COMPLAINT

RECEIVED
JUL 26 2006
U.S.D.C. S.D N.Y.
CASHIERS

                    Plaintiffs,

          -against-

ON PAR CONTRACTING CORP. and JAMES MURRAY,

                    Defendants.
------------------------------------------------------------X

          Plaintiffs, by their attorneys, O'DWYER & BERNSTIEN, LLP complaining

of defendants, allege the following:

<u>Nature of Action</u>

          1.    This is an action arising under the Employees Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001, *et seq.*, and the Labor

Management Relations Action of 1947 ("LMRA"), 29 U.S.C. Section 152, *et

seq.*, to compel defendant On Par to make contributions to Plaintiffs, employee

benefit funds, on behalf of its employees in accordance with applicable law,

collective bargaining agreement and trust instruments.  This action also arises

pursuant to common law, to recover money damages by reason of fraud with respect to defendant James Murray.

## Jurisdiction

2.     Jurisdiction over Count I is conferred upon this Court by Sections 502(a)(3)(B)(ii), 502(d)(1), 502(f) and 502(g) of ERISA, 29 U.S.C. Sections 1132(a)(3)(B)(ii), (d)(1)(f) and (g) and by Section 301(a) of the LMRA, 29 U.S.C. Section 185(a).

3.     Jurisdiction over the state law claims is conferred upon this Court pursuant to its supplemental jurisdiction, 28 U.S.C. Section 1367.

## Venue

4.     The action is properly venued in this District in that plaintiffs maintain their offices in this District, and the District in which defendant Murray committed acts of fraud.

## Parties

5.     Plaintiffs The New York District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational and Industry Fund and the New York City District Council of Carpenters Charity Fund are jointly administered employee benefit plans established under Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. Section 186(c)(5).  Plaintiffs Michael J.

2

Forde and Paul O'Brien are representative Trustees of the foregoing Funds.
Plaintiff New York City and Vicinity Carpenters Labor-Management Cooperation
Corporation is a New York not for profit corporation. Plaintiffs are collectively
known as the Funds.

6.      The Funds have their principal places of business at 395 Hudson
Street, New York, New York 10014.

7.      Upon information and belief, defendant On Par Contracting Corp.
("On Par"), is a New York corporation with a principal place of business in Mt.
Vernon, New York. Upon information and belief, defendant is an employer in
an industry affecting commerce within the meaning of ERISA, Sections 3(5),
(11), (12), 29 U.S.C. Sections 1002(5), (11) and (12) and Sections 2 (2), (6)
and (7) of the LMRA, 29 U.S.C. Sections 152(2), (6) and (7).

8.      Upon information and belief, at all relevant times herein James
Murray ("Murray") was president and principal operating officer of On Par.

9.      Upon information and belief, Murray is or was a resident of the
State of New York, County of Westchester.

### Count I
### As to Defendant On Par

10.     At all relevant times herein, there was in force and effect a
collective bargaining agreement by and between The District Council of New
York City and Vicinity of the United Brotherhood of Carpenters and Joiners of
America ("District Council") and the Association of Wall-Ceiling & Carpentry

3

3

Industries of New York, Inc.("Wall-Ceiling Association") (Agreement known as the "Wall-Ceiling Agreement").

11.    At all relevant times On Par a member of the Wall-Ceiling Association.

12.    At all relevant times On Par was a signatory of the Wall-Ceiling Agreement.

13.    At all relevant times On Par was a signatory of the Wall-Ceiling Agreement by virtue of its membership in the Wall-Ceiling Association.

14.    At all relevant times On Par consented by its acts and conduct to be bound to the terms of the Wall-Ceiling Agreement.

15.    The Wall-Ceiling Agreement provides at Section 1 of Article XVI thereof, "Every Employer covered by this Agreement shall make contributions for each hour worked of [sic] all Employees covered by this Agreement in the amounts hereinafter specified to the [plaintiff Funds]."

16.    The Wall-Ceiling Agreement provides at Section 6 of Article XVI, *inter alia*, "Each Employer shall be bound by all the terms and conditions of the Agreements and Declarations of Trust creating the [Funds], as amended, and by all By-Laws adopted to regulate each of the said Funds."

17.    Said collective bargaining agreement requires On Par to make contributions to the plaintiffs for each hour worked by carpenters performing covered work to pay for fringe benefits, including but not limited to, medical and hospitalization insurance, pension, annuity and vacation.

4

18.    Upon information and belief, at all relevant times, including 2000 to 2005, On Par employed workers for whom it was required to make contributions to the Funds.

19.    Upon information and belief, On Par failed to remit contributions and/or failed to remit all contributions required to be paid to the Funds for work performed by its covered employees for the period 2000 to 2005 and is delinquent and deficient in the approximate principal sum of $10,000,000.

20.    Defendant's refusal and failure to remit contributions is a violation of the collective bargaining agreement, and the Agreements and Declarations of Trust and ERISA, and the Funds' collection guidelines.

### Count II
### Common Law Fraud as to Defendant James Murray

21.    Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "21" as if set forth in full herein.

22.    Upon information and belief, at times between 2000 and 2005 Murray, acting by himself and/or in concert with persons acting under his direction and control, engaged in a concerted and systematic scheme to defraud the Funds of contributions required to be paid on behalf of On Par's carpenter employees by: (a) paying carpenters, or causing carpenters to be paid in cash and/or "off the books" for the purpose, *inter alia*, of avoiding the required fringe benefit fund contributions to the Funds; (b) submitting and/or communicating, or causing On Par to submit and/or communicate, false reports and information to the Funds (or its agents) that deliberately omitted

5

covered employees; (c) conspiring with shop stewards so that covered
employees were deliberately not reported on shop steward reports to conceal
such obligations from disclosure to the Funds and its auditors; and (d) other
schemes and artifices presently unknown.

23.    On or about May 24, 2006, a grand jury sitting in the Southern
District of New York, indicted James Murray on three counts, Indictment No.
06 Crim. 443, for crimes including, Employee Benefit Plan Embezzlement (18
U.S.C. Sections 664 and 2) and mail fraud (18 U.S.C. Sections 1341 and 2),
relating to Murray's scheme to defraud the Funds of contributions.

24.    Upon information and belief, at times between 2000 and 2005
Murray, acting by himself and/or in concert with persons acting under his
direction and control, engaged and/or participated in a concerted and
systematic scheme whereby he caused On Par to pay cash to its carpenters in
violation of the collective bargaining agreement and other documents.

25.    Upon information and belief, at times between 2000 and 2005
Murray, acting by himself and/or in concert with persons acting under his
direction and control defrauded the Funds by providing reports and
information to the Funds that deliberately omitted covered employees for
whom contributions were required to be made.

26.    Upon information and belief, at times between 2000 and 2005
Murray, acting by himself and/or in concert with persons acting under his
direction and control submitted to the District Council, or caused others to

6

submit to the District Council, falsified shop steward reports to prevent and/or hinder disclosure of the willfully false reports to the Funds that deliberately omitted covered employees for whom contributions were required.

27.    Upon information and belief, at times between 2000 and 2005 Murray, acting by himself and/or in concert with persons acting under his direction and control submitted shop steward reports to the District Council that deliberately omitted covered employees for whom they knew On Par was required to make contributions to the Funds.

28.    Upon information and belief, defendant knew the documents and reports of carpenters employed and the hours they worked were false when made.

29.    Upon information and belief, defendant knew the Funds relied upon the representations of hours worked and carpenters employed that were made to the Funds and/or its agents in calculating On Par's liability for fringe benefit contributions.

30.    The Funds justifiably relied upon the hours reported by On Par.

31.    Upon information and belief, defendant knew that the District Council had the right to remove Union carpenters from On Par's job sites for the failure to make contributions to the Funds in accordance with the collective bargaining agreement between On Par and the District Council.

32.    Upon information and belief, defendant engaged in the scheme to defraud and conceal facts relating to On Par's failure to remit contributions for

7

its carpenter employees to the Funds, in whole or in part, because his wrongful taking and/or receipt of money was dependent upon On Par's continuation of business operations.

33. Upon information and belief, the knowingly false representations by defendant, or other individuals acting under his direction and control, were made for the purpose of deceiving the Funds and forestalling and/or preventing action to enforce On Par's obligation to make contributions to the Funds, including, but not limited to a shut-down of On Par's jobs as permitted by the collective bargaining agreement with the District Council.

34. Upon information and belief, defendant knew that the false representations to the Funds or its agents with respect to hours worked and the number of carpenters employed at the On Par job sites would result in an unjustified windfall to him.

35. Upon information and belief, defendant benefited personally from the fraudulent scheme by converting to his own use money that was part of the compensation package of On Par's carpenter employees, rather than remitting, or causing said funds to be remitted, to the Funds.

36. By reason of the foregoing acts and conduct plaintiffs have been damaged in a sum to be determined at trial, in a principal sum estimated to be $10,000,000.

Count III
Punitive Damages as to James Murray

37. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "36" as if set forth in full hereat.

38. Defendant Murray knew that the deceptive and fraudulent acts and conduct as alleged above would adversely affect the welfare of employees of On Par and their families who relied upon the Funds for medical and hospital insurance and other benefits.

39. Defendant's acts and conduct were gross, willful, wanton and morally culpable.

40. By reason of the foregoing Murray is liable for punitive damages.

WHEREFORE, plaintiffs demand judgment against defendants as follows:

(a) As to Count I,

(1) damages in a sum to be determined at trial, estimated to be $10,000,000;

(2) interest, liquidated damages, attorneys fees, and costs, all as provided for in ERISA, Section 502(g), 29 U.S.C. §1132(g);

(b) As to Counts II and III,

(1) damages against Murray individually in an amount to be determined at trial, estimated to be the principal sum of $10,000,000;

(2) punitive damages against Murray in a sum three times the damages;

(3) interest on the foregoing;

9

(4)     attorneys' fess and costs.

(d)     such other and different relief as the Court deems proper and just.

Dated:      New York, New York
            July 25, 2006

Yours, etc.,

O'DWYER & BERNSTIEN, LLP

By:_____

Gary Silverman (GS 9287)
Attorneys for Plaintiffs
52 Duane Street
New York, New York 10007
(212) 571-7100

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
THE NEW YORK CITY DISTRICT COUNCIL    :
OF CARPENTERS PENSION FUND et al.,    :    **ORDER DENYING**
    :    **MOTION TO VACATE,**
    Plaintiffs,    :    **AND AMENDING,**
    :    **DEFAULT JUDGMENT**
    -against-    :
    :    06 Civ. 5643 (AKH)
ON PAR CONTRACTING CORP. and JAMES    :
MURRAY    :
    :
    Defendants.    :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

The plaintiffs in this case are six jointly-administered employee benefit plans

established under Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5), and one not-

for-profit labor-management cooperation corporation ("The Benefit Funds"). The plaintiff

Benefit Funds are creations and third-party beneficiaries of collective bargaining agreements

between The District Council of New York City and Vicinity of the United Brotherhood of

Carpenters and Joiners of America, and the Association of Wall-Ceiling & Carpentry Industries

of New York, Inc ("Wall-Ceiling Association"). Defendant On Par Contracting Corp. ("On

Par") is a member of the Wall-Ceiling Association, and defendant James Murray was, at all

relevant times, the President and Principal Operating Officer of On Par.

The plaintiffs commenced this lawsuit on July 26, 2006, alleging, inter alia, that

On Par failed to make required contributions on behalf of its employees to the Benefit Funds, in

violation of their collective bargaining agreement and federal law. Employees Retirement

Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; Labor Management Relations Act of

1947, 29 U.S.C. §152 et seq. Defendant On Par was properly served on August 11, 2006. On

1

October 31, 2006, with no answer, motion or other appearance having been made, I granted
Plaintiffs' motion for default judgment against On Par for the principal amount of $9,455,283.17
in delinquent benefit fund contributions, in addition to interest on unpaid contributions in an
amount of $2,646,260.01 pursuant to 29 U.S.C. § 1132(g)(2)(B), and statutory damages, also in
the amount of $2,646,260.01, pursuant to 29 U.S.C. § 1132(g)(2)(c)(i), and costs and fees in the
amount of $3,193.75, for a total default judgment of $14,750,996.94.

　　　　After the entry of default judgment against On Par, defendants On Par and James
Murray filed an answer to the complaint on December 22, 2006, and filed a motion to vacate the
default judgment entered against On Par on January 31, 2007. I held oral argument on April 26,
2007 on Defendants' motion to vacate, and, for the reasons stated on the record, I denied the
motion, except to the extent that On Par could demonstrate a defense of partial payment. Fed R.
Civ. P. 60(b); e.g., New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (court must balance
willfulness of default, existence or not of meritorious defense, and the extent to which vacating
default prejudices nondefaulting party). I instructed the parties to investigate if $750,000 had
been paid by On Par to the Benefit Funds, whether it had been paid pursuant to a July 28, 2005
"Payment Plan Agreement," and how the money was, and should be, applied to the default
judgment. I ordered the parties to report to me, by joint letter, regarding the results of their
investigation, and their positions in relation thereto.

　　　　The Payment Plan Agreement ("Agreement") was entered into by the plaintiff
Benefit Funds and the defendants, James Murray and On Par, on July 28, 2005. The defendants
agreed that On Par would pay to the Benefit Funds a total of $750,000, with $200,000 as a
"down payment," made by the time of execution of the agreement, and $550,000 in the form of
eleven installments of $50,000, the last of which was due October 14, 2005. By these payments,

2

12

the parties were to "resolve the Funds' claim for employee fringe benefits for delinquent contributions due the Funds for the period from October 1, 2003, through July 25, 2005." Agreement, Redmond Affirm. Ex. A.

The Agreement provided, however, that On Par would be "subject to an audit to determine the exact amount of monies due to the Funds," as well as additional, subsequent audits at the request of the Benefit Funds. Agreement, Redmond Affirm. Ex. A. ¶ 2(c). Further, the Benefit Funds were entitled to "exercise[] their right to audit [On Par's] records for the Delinquency Period, and to recover contributions that were not properly reported or paid to the Funds, with interest and penalties." Agreement, Redmond Affirm. Ex. A. ¶ 3.

On Par argues that its payments, aggregating $750,000 under the agreement, constitutes complete satisfaction of all of On Par's obligations from October 1, 2003 through July 25, 2005. Because this time period represents twenty-two out of the forty-eight months at issue in this case, On Par argues that the principal amount in the default judgment should be reduced by 22/48, or 45.8%.[1]

I hold that On Par's payment of $750,000 does not satisfy all delinquencies or obligations owed by On Par for the period from October 1, 2003 through July 25, 2005. As evidenced by the terms of the agreement between the parties, this payment operated as a release against all claims for that period only to the extent that future audits did not uncover additional "contributions that were not properly reported or paid to the Funds." Agreement, Redmond Affirm. Ex. A ¶ 3.

---

[1] On Par argues in its letter that the relevant period, October 1, 2003 through July 25, 2003, constitutes a nineteen month period, and argues, therefore, for a reduction of 19/48, or 39.6%. I assume this was a computational error, and interpret their argument as one for a reduction relating to 22/48 months, or, 45.8%. In any event, I reject their argument.

On Par remains liable for its delinquencies for the entire period asserted in the complaint, in addition to unpaid interest, statutory damages, and fees, as provided for by statute. Consistent with the Payment Plan Agreement, the default judgment was based upon an audit revealing a delinquency of $9,455,283.17. The payment of $750,000 is to be credited against On Par's interest obligations. See, e.g., Spang Indus., Inc. v. Aetna Cas. and Sur. Co., 512 F.2d 365, 371 (2d Cir. 1975) (partial payments applied first to interest then due, with surplus discharging principal) (citing Ohio Savings Bank & Trust Co. v. Willys Corp., 8 F.2d 463, 466-67 (1925)).

Accordingly, On Par's motion to vacate is denied. I amend the default judgment of October 31, 2006, and order that default judgment shall be entered against On Par in the amounts as follows: $9,455,283.17 in delinquent benefit fund contributions, in addition to interest on unpaid contributions in an amount of $1,896,260.01, pursuant to 29 U.S.C. § 1132(g)(2)(B), and statutory damages, also in the amount of $1,896,260.01, pursuant to 29 U.S.C. § 1132(g)(2)(c)(i), and costs and fees in the amount of $3,193.75, for a total default judgment amount of $13,250,996.94.

SO ORDERED.

Dated:     June __25__, 2007
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, et al.,

                         Plaintiffs,

        -against-

ON PAR CONTRACTING CORP. and JAMES
MURRAY,

                        Defendants.
----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/5/07

06 CIVIL 5643 (AKH)

*AMENDED*
# DEFAULT JUDGMENT

*# 06, 2357*

Defendants having moved to vacate a default judgment, and the matter having come before

the Honorable Alvin K. Hellerstein, United States District Judge, and the Court, on June 25, 2007,

having rendered its Order denying On Par's motion to vacate and entering a amended default

judgment against On Par in the total sum of $13,250,996.94, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the

Court's Order dated June 25, 2007, On Par's motion to vacate is denied and a amended default

judgment is entered against On Par in the total sum of $13,250,996.94.

**Dated:** New York, New York
        July 5, 2007

                           **J. MICHAEL McMAHON**

                              **Clerk of Court**

        **BY:**

                              **Deputy Clerk**

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and BY THEIR
TRUSTEES MICHAEL J. FORDE AND PAUL O'BRIEN,
AND NEW YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION,

06 CV 5643 (AKH)
ECF CASE

SATISFACTION
OF JUDGMENT

Plaintiffs,

-against-

ON PAR CONTRACTING CORP. and JAMES MURRAY,

Defendants.

-------------------------------------------------------------------X

WHEREAS, on the 25th day of June, 2007, a judgment was recovered by the plaintiffs, against
the defendant, On Par Contracting Corp., in the above entitled action, which was duly entered on
the docket of the United States District Court, Southern District of New York, on the 25th day of
June, 2007; and

WHEREAS, pursuant to a certain settlement agreement dated *March 27*, 2009, the United
States has paid to plaintiff's, from defendants' assets in its possession, the sum of $3,542,487.00;

NOW, THEREFORE, satisfaction of said judgment is hereby acknowledged, and the Clerk of
the Court for the United States District Court, Southern District of New York, is hereby

authorized and directed to cancel, satisfy, and discharge the same.

Dated: _____, 2009
     New York, New York

                                      GARY ROTHMAN (2785)
                                        O'Dwyer & Bernstien, LLP
                                        Attorneys for Plaintiffs
                                        52 Duane St.
                                        New York, New York 10007
                                        (212)571-7100

United States District Court
for the Southern District of New York
500 Pearl Street, Room 120
New York, New York 10007-1312

August 6, 2010 A.D.                    Civil Action No.: 11-CV-5474 (LBS)

Michael E. Brennan
Federal Prison Camp Lewisburg
Post Office Box 2000
Lewisburg, Pennsylvania 17837
U.S.M.S. No.: 62582-054

                Re:  New York City Carpenters Pension Fund, et, al.
                                    v.
                         Michael Brennan

Dear Clerk of Court:

        I, Michael E. Brennan, respectfully submit this letter with the
attached response to Plaintiff's for filing in the above referenced cause.

        Thank you for your time and attention in the above referenced
matters.

                                Respectfully submitted
                                Michael E. Brennan
                                _____
                                Michael E. Brennan

Cc: File/MEB
    J. Silverstein



Michael E. Brennan
Federal Prison Camp Lewisburg
Post Office Box 2000
Lewisburg, Pennsylvania 17837
U.S.M.S. No.: 62582-054

United States District Court
Southern District of New York
500 Pearl Street, Room 120
New York, New York 10007-1312
Attn: Clerk of Court

LEGAL MAIL

RECEIVED
SDNY PRO SE OFFICE
2012 AUG -8 P 2: 23