UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NEW YORK CITY DISTRICT             :
COUNCIL OF CARPENTERS PENSION      :
FUND, et al.,                      :        11-CV-5474 (LAP) (GWG)
                                   :        (Lead Case)
           Plaintiffs,             :
                                   :        Order Adopting Report
                                   :        and Recommendation
      v.                           :
                                   :
MICHAEL FORDE, et al.,             :
                                   :
           Defendants.             :
------------------------------------x

Loretta A. Preska, Senior United States District Judge:

    Before the Court are objections filed by Defendant Michael Forde on June 14, 2018, (ECF No. 269), and by Defendant John Greaney on June 15, 2018, (ECF No. 270), to Magistrate Judge Gabriel W. Gorenstein's Report and Recommendation dated June 1, 2018, (Report and Recommendation dated June 1, 2018 ("R&R") (ECF No. 268)). For the reasons that follow, the Court adopts the findings of the R&R in full, subject to the single modification that the Funds are entitled to offset both Greaney and Forde's pension and annuity benefits. The Court also makes one minor modification to the R&R's factual summary as set out below.

I.   Background

    Pension and annuity funds (collectively, the "Funds") have brought this case under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, and the

1

Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 - 1461.  The Funds seek damages against certain former trustees for losses caused by the trustees' corrupt conduct.  (R&R 1.)  Presently before the Court is the Funds' motion for summary judgment under Fed. R. Civ. P. 56 against former trustees and defendants Michael Forde and John Greaney.  Forde and Greaney are two of three remaining defendants in this case who have not been dismissed or defaulted.

Defendant John Greaney and his wife, Imelda Greaney (collectively, the "Greaneys") have brought a separate suit against the Funds, see Greaney v. New York District Council of Carpenters Pension Fund, 16-cv-3551 (LAP), that was consolidated with the Funds' action pursuant to a Court order dated July 25, 2016.  (See Order dated July 25, 2016, Greaney v. New York District Council of Carpenters Pension Fund, 16-cv-3551 (LAP) (ECF No. 10)).  The Greaneys claim that the Funds failed to pay John Greaney his pension or to disburse his annuity to him in a lump sum.  The Greaneys also seek a determination that Imelda Greaney has a valid interest in Greaney's annuity and pension.  (R&R 1-2.)

### a. The Instant Motion

Both the Funds and Defendants have cross-moved for summary judgment on their claims and for damages.  On July 18, 2017, the Court referred the motions to Magistrate Judge Gorenstein for a

2

report and recommendation. In the R&R, Judge Gorenstein recommends granting the Funds' partial summary judgment on (1) Forde and Greaney's liability for violating RICO and ERISA; (2) compensatory damages under both RICO (before trebling) and ERISA as to Greaney in the amount of $4,973,259.92, and as to Forde in the amount of $4,973,259.92; (3) their ability to bring further claims for damages that are not limited by the restitution orders or the settlement agreement with On Par; (4) the issue of calculation of treble damages under RICO; (5) their ability to offset any damages against Greaney's pension and annuity payments. (R&R 56.) The R&R also recommends that both sides be denied summary judgment on the issue of whether Imelda Greaney is entitled to benefits from the Fund. (Id.)

Forde and Greaney object to the R&R insofar as it recommends denial of their motions for summary judgment.

II. Legal Standard

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" Riccardi v. Colvin, No. 15-cv-2715 (ADS)(AYS), 2017 WL 401243, at *1 (E.D.N.Y. Sept. 12, 2017) (quoting 28 U.S.C. § 636(b)(1)(C). "Parties may raise objections to the magistrate judge's report and recommendation, but they must be 'specific,' 'written,' and submitted '[w]ithin 14 days after being served

3

with a copy of the recommended disposition.'" <u>Riccardi</u>, 2017 WL 401243, at *1 (quoting Fed. R. Civ. P. 72(b)(2)); <u>accord</u> 28 U.S.C. § 636(b)(1)(C). "[T]he court must then review de novo any part of the R & R that has been objected to." <u>Smith v. Hulihan</u>, No. 11 CV 2948 (HB), 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012) (citing 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3)). "As to those portions that neither party objects to, the court may review for clear error." <u>Smith</u>, 2012 WL 4928904, at *1 (citing <u>Gomez v. Brown</u>, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009)). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." <u>Molefe v. KLM Royal Dutch Airlines</u>, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citing <u>Pearson-Fraser v. Bell Atl.</u>, No 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); <u>Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan</u>, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a 'meaningless dress rehearsal.'" <u>Vega v. Artuz</u>, No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citing <u>Dennard v. Kelly</u>, No. 90-CV-0203, 1997 WL 9785, at *1 (W.D.N.Y. Jan. 2, 1997)). "The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by

4

allowing parties to 'relitigate every argument which it presented to the Magistrate Judge.'" Vega, 2002 WL 31174466 at *1 (quoting Camardo, 806 F. Supp. at 382)).

III. Discussion

    a. Forde's Objections

As a preliminary matter, the Court addresses the applicability of the R&R's findings to Forde. As the R&R notes, Forde never filed an opposition to the Funds' motion for summary judgment or his own motion. (R&R 11.) In response to the R&R, however, Forde's attorney, Dino J. Lombardi of Lombardi & Solerno PLLC, filed objections and argued that Forde "joined in the opposition to the Funds' summary judgment motion and the affirdmative summary judgment motion submitted by co-counsel, Victoria Quesada, Esq., on behalf of John Greaney." (Forde Obj. ¶ 1.) Counsel for Forde concedes that he should have communicated to the Court in some other manner that Forde did join in Greaney's motions.

As Magistrate Judge Gorenstein noted in observing the oddity of Greaney's attorney's filing on behalf of Forde, however, "many of the issues applicable to Greaney apply equally to Forde." Forde joined in Greaney's motions and, as a matter of law, Forde and Greaney are jointly and severally liable. (Forde Obj. ¶ 2.) Accordingly, to the extent the R&R leaves

open whether its conclusions apply equally to Forde and Greaney, the Court clarifies that it does.

    b. Greaney's Objections

Paragraph 2(C) of the Court's Individual Rules provides that memoranda of law in support of or in opposition to motions shall not exceed 20 pages. Paragraph 2(C) also specifically identifies "objections to [a] Magistrate Judge's ruling" as an example of a "motion." The Greaneys' 66 pages of objections to the R&R greatly exceed this page limit. Represented by experienced counsel, Victoria Quesada of Quesada & Moore, LLP, this noncompliance reflects a blatant disregard for the Court's rules as well as its time and resources. The Greaneys' counsel also flouted this rule when filing initial motion for summary judgment, which totaled 160 pages of substantive legal argument. Counsel for the Greaneys did not request an expansion of the Court's page limit prior to filing either the Greaneys' initial motion for summary judgment or their objections to the R&R. Counsel for Forde also did not request an expansion of the Court's page limit prior to Greaney filing his objections, a relevant aside given that Forde claims to join in Greaney's objections to the R&R.

In reviewing the objections filed by Greaney's counsel and the Greaney's initial summary judgment motion, the level of overlap between the documents is noteworthy. It appears that

6

the Greaneys either copy-and-pasted large sections of arguments already advanced in their initial motion for summary judgment into their objections or reiterated, in substance, arguments they had already made.

By definition, objections that are 46 pages over the allowable page limit are not "specific." Even if they were, however, the Greaneys' objections are a rehash of arguments from their initial motion for summary judgment that Magistrate Judge Gorenstein already reviewed and considered in the thorough and detailed R&R. For these reasons, the Greaneys' objections do not warrant de novo review. See Pullman v. Alpha Media Publishing, Inc., No. 12 Civ. 1924(PAC)(SN), 2014 WL 5042250, *3 (S.D.N.Y. Sept. 10, 2014).

Having undertaken a full and thorough review of the R&R, the Court finds no clear error and adopts Magistrate Judge Gorenstein's R&R in full, with the exception that the R&R be modified to reflect that the Funds are granted partial summary judgment on their ability to offset any damages against Greaney and Forde's pension and annuity payments. The Court agrees that it appears Magistrate Judge Gorenstein unintentionally omitted Forde from this conclusion, and therefore makes this single modification for the same reasons as articulated with respect to Greaney.

Though the clear error standard of review is appropriate for evaluating the R&R in this case, the Court addresses two objections raised in the Greaneys' objections below for the sake of clarity and applies the de novo standard of review.

### i. Evidentiary Issues Regarding Trial on Turbo and On Par

Greaney and Forde raise various evidentiary arguments regarding the issue of further damages on the Turbo and On Par transactions to be determined at trial. Those issues relate to the admissibility of certain evidence at trial and are thus improperly raised in a motion for summary judgment. These arguments are premature and can be properly addressed in a future motion in limine. Accordingly, the Court does not address the merits of these evidentiary issues and denies the motions without prejudice to renewal at trial.

### ii. Spousal Offset

The parties dispute whether any offset by the Funds of Forde and Greaney's pension may be applied to benefits due to Greaney's wife, Imelda Greaney. In their motions, the Funds asserted that Mrs. Greaney filed a form waiving her right to any benefits on April 25, 2015, with the desired outcome of expediting Greaney's annuity payments. Conversely, Mrs. Greaney alleges in her Complaint that she revoked this waiver when she sent a letter to the Plan Administrator stating that she

8

intended to revoke any prior waiver. The parties dispute whether Mrs. Greaney made this alleged revocation within the period applicable to an election to waive the qualified joint and survivor annuity form benefit under ERISA. 29 U.S.C. § 1055(c)(7)(A). In the R&R, Magistrate Judge Gorenstein denied summary judgment to both parties on this issue because "neither side ha[d] submitted evidence" on this "critical issue." (R&R 55.)

The Greaneys' objections to the R&R attached two documents – Mr. Greaney's pension application dated September 2, 2014 (ECF No. 270-1), and Mr. Greaney's letter dated June 5, 2018 to the Annuity Fund, (ECF No. 270-2). In their objections, the Greaneys explain that these two documents – which go to the heart of the timing of Mrs. Greaney's alleged revocation – were "inadvertently omitted from the Record." (Obj. 12.)

"In objecting to a magistrate's report before the district court, a party has 'no right to present further testimony when it offers no compelling justification for not offering the testimony at the hearing before the magistrate.'" Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994) (quoting Pan Am World Airways, Inc. v. Int'l Bhd. Of Teamsters, 894 F.2d 36, 40 n.3 (2d Cir. 1990)). "'[C]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation' absent a compelling

9

justification for failure to present such evidence to the magistrate judge." Akour v. Little Rest Twelve, Inc., 2012 U.S. Dist. LEXIS 42210, at *12, 2012 WL 1026730 (S.D.N.Y. Mar. 27, 2012) (citation omitted).

Here, the Greaneys present no "compelling justification" for their omission of documents that were critical to Magistrate Judge Gorenstein's assessment of whether the parties were entitled to summary judgment on this issue. Therefore, the Court declines to address the newly-submitted evidence as part of the parties' cross-motions for summary judgment and denies summary judgment on this issue. Paddington, 34 F.3d at 1138 (concluding that district judge did not abuse her discretion in refusing to consider new evidence submitted with party's objections to magistrate judge's report and recommendation). The issue will be addressed at trial.

IV. Conclusion

For the foregoing reasons, the Funds' motion for summary judgment in their action, (ECF No. 241 in 11-cv-5474), is granted in part and denied in part; the Funds' motion for summary judgment in the Greaneys' action (ECF No. 18 in 16-cv-3551) is granted in part and denied in part; the Greaneys' cross-motion for summary judgment in the Funds action (ECF No. 252 in 11-cv-5474) is denied; and the Greaneys' cross-motion for

10

summary judgment in their case against the Funds (ECF No. 29 in 16-cv-3551) is denied.

Counsel shall confer and inform the Court by letter no later than October 2 how they propose to proceed.

SO ORDERED.

Dated:   New York, New York
         September 26, 2018

_____
LORETTA A. PRESKA
Senior United States District Judge