UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, *et al.*, | 11 CV 5474 (LAP) (GWG) |
| Plaintiffs, | **FUNDS' RESPONSE TO FORDE'S MOTION TO <u>ALTER OR AMEND JUDGMENT</u>** |
| - against - | |
| MICHAEL FORDE, *et al.*, | |
| Defendants. | |

Plaintiffs New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Annuity Fund, and New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund, by their Trustees (collectively, the "Funds") respectfully submit this response to the motion of defendant Michael Forde ("Forde") to alter or amend the judgment entered on November 14, 2018 (the "Judgment").

<u>BACKGROUND</u>

The Judgment provides in pertinent part:

1.      Judgment is entered in favor of the [Funds] against Michael Forde and John Greaney, jointly and severally, pursuant to the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. §§ 1961-1968, in the amount of **$12,908,998.09**, representing gross compensatory damages in the amount of $4,973,259, multiplied by three (resulting in gross treble damages of $14,919,777), less credits of $2,010,778.91.

2.      Judgment is entered in favor of the Funds against Michael Forde and John Greaney, jointly and severally, pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461, in the amount of **$2,962,480.09**, representing gross compensatory damages in the amount of $4,973,259 less credits of $2,010,778.91.

3.      The RICO and ERISA components of this Judgment shall run concurrently.

(Boldface in original.)

On December 6, 2018, John Greaney and Imelda Greaney (collectively, the "Greaneys") filed a notice of motion, with supporting materials, seeking to alter or amend the Judgment.  On December 10, 2018, Forde filed a notice of motion stating that he "joins in the Motion of co-defendant John Greaney" to alter or amend the Judgment for the reasons stated in the materials "filed by defendant Greaney and his counsel."  On January 22, 2019, pursuant to a settlement between the Funds and the Greaneys, the Greaneys withdrew their motion.

Forde is not a party to the settlement, and has not withdrawn his motion.  Forde asserts that the Judgment should be amended "(1) [t]o provide for *credits* of $2,284,338.89 plus any monies received in settlement from defendant [Brian] Hayes; [and] (2) [t]o add offset language to this Judgment that provides that monies recovered in this Judgment will be utilized to offset the joint criminal restitution obligations of defendants Forde, Greaney and Hayes."  (Doc. 281 at 2.) (Italics in orginial.)

## ARGUMENT

### A.    Forde's Request that the Judgment Reflect Additional Credits

#### 1.    Criminal Restitution Payments

Based on the accounting of criminal restitution payments that the Greaneys' counsel requested and received from the Court's cashier's office (Doc. 280-10), the Funds do not dispute Forde's assertion that, as of the date of the Judgment, he was entitled to **total** credits of $2,284,338.89, consisting of the credits already reflected in the Judgment in the amount of $2,010,778.91 and credits for additional restitution payments of $273,559.98.  Accordingly, the Funds do not oppose Forde's motion to the extent that it seeks to reduce both components of the Judgment by $273,559.98, resulting in an amended judgment against Forde pursuant to RICO in the

amount of **$12,635,438.11** and an amended judgment against Forde pursuant to ERISA in the amount of **$2,688,920.11**.[1]

### 2.   Payments by Hayes

It is undisputed that the credits reflected in the Judgment – adjusted as set forth above – include all criminal restitution payments by Hayes.  (Doc. 280-2 at 6.)  Forde incorrectly asserts that he is entitled to additional credit for "monies received in settlement from defendant Hayes."  (Doc. 281 at 2.)  Forde relies on John Greaney's argument that:

> The docket sheet (Dkt # 176) illustrates that Judge Preska had signed a Stipulation of Dismissal with respect to Hayes on or about February 25, 2016. If the Funds received any monies regarding that settlement, it has not been disclosed.

(Doc. 280-2 at 5 n.2.)  It is true that, on or about February 25, 2016, the Court approved a stipulation of dismissal <u>without prejudice</u> of the Funds' claims against Hayes in the instant civil case.  *See* Fed. R. Civ. P. 41(a)(1)(B) (providing that, "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice").  It is also true that the Funds did not disclose that they received any payment from Hayes in connection with that stipulation of dismissal.  If Forde is asserting that the Funds' discovery responses were incomplete, then his argument is untimely.  Had he inquired during discovery, Forde would have learned that the simple reason the Funds did not disclose a settlement payment from Hayes is that the Funds did not receive a settlement payment from Hayes.  Hayes was represented by counsel in this civil case.  Had Hayes made a payment in settlement of the Funds' claims against him in this civil case, he undoubtedly would have insisted that the Funds dismiss those claims <u>with prejudice</u>.  The Funds received no consideration for the dismissal, <u>without prejudice</u>, of their claims against Hayes.

---

[1] These amounts do not reflect credits for payments after the date of the Judgment, nor has Forde requested that the Judgment be amended to reflect such post-Judgment credits.  Upon request, the Funds will file a partial satisfaction of judgment reflecting such credits.

**B.**    **Forde's Request to Add Offset Language to the Judgment**

The Court should not entertain Forde's request "[t]o add offset language to this Judgment that provides that monies recovered in this Judgment will be utilized to offset the joint criminal restitution obligations of defendants Forde, Greaney and Hayes." It is undisputed that the Judgment in this civil case is based on acts and omissions that also gave rise to restitution obligations in the criminal case of *United States v. Forde, et al.*, 08 CR 828 (VM). However, that does not mean that the Judgment in this civil case should be amended "[t]o add offset language." (Doc. 281 at 2.)

The Mandatory Victims Restitution Act ("MVRA") provides in pertinent part:

> Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in –
>
> > (a) any Federal civil proceeding; and
> >
> > (b) any State civil proceeding, to the extent provided by the law of the State.

18 U.S.C. § 3664(j)(2). Under MVRA, a criminal defendant is entitled "to move the district court for a credit or offset to their restitution obligations pursuant to § 3664(j)(2) once a victim has recovered such damages." *United States v. Yalincak*, 853 F.3d 629, 637 (2d Cir. 2017). The "district court" to which *Yalincak* refers is obviously the United States District Court that presided over the criminal case and imposed the restitution obligation. It would make no sense for "the district court" to refer to the court that presided over the civil case, because that court might be a state court, not a United States District Court. Here, although the criminal and civil cases were both adjudicated in the same United States District Court, it is still improper for Forde to file a motion in this civil case for a credit or offset. Inasmuch as Forde's restitution obligations are part of his sentence in the criminal case, the criminal case is the proper setting for any motion seeking recognition under MVRA of a credit or offset against those obligations.

In any event, Forde has not explained precisely what "offset language" he contends should be added to the Judgment in the instant case, nor has he identified the specific credits or offsets to which he claims entitlement.  The Judgment in the instant case already reflects credits for, among other things, criminal restitution payments by Forde and others.  Thus, assuming *arguendo* that Forde were entitled to have the Judgment amended to add "offset language" – which he is not – the amended Judgment should make clear that it is not to be interpreted in a manner that could result in a double credit.  Moreover, any such "offset language" should apply only to "compensatory damages" within the meaning of 18 U.S.C. § 3664(j)(2), and not to the non-compensatory portion of the RICO component of the Judgment.

## **CONCLUSION**

As noted above, the Funds do not oppose a reduction in both components of the Judgment by $273,559.98, resulting in an amended judgment in favor of the Funds against Forde pursuant to RICO in the amount of $12,635,438.11 and an amended judgment in favor of the Funds against Forde pursuant to ERISA in the amount of $2,688,920.11.  In all other respects, for the reasons set forth above, Forde's motion to alter or amend the Judgment should be denied.

Dated: New York, New York
      January 23, 2019

Respectfully submitted,

VIRGINIA & AMBINDER, LLP

By:   /s/*Marc A. Tenenbaum*
       Marc A. Tenenbaum, Esq.
       40 Broad Street, 7th Floor
       New York, New York 10004
       (212) 943-9080

       *Attorneys for Plaintiffs*