# LOMBARDI & SALERNO PLLC ••
Attorneys at Law

| Dino J. Lombardi | 52 Duane Street, 7th Floor |
| Laure Salerno | New York, New York 10007 |
| | Tel. No. (212) 619-8328 |
| | Fax. No. (212) 732- 6323 |

February 15, 2019

<u>Via ECF</u>

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007-1312

Re:   <u>District Council of Carpenters Pension Fund, et al., v. Forde, et. al.
        11 cv 5474 (LAP)(GWG)</u>

Dear Judge Preska:

This firm represents the defendant, Michael Forde ("Forde"), in the above-captioned matter. Pursuant to the Court's instructions, we have conferred with counsel for the plaintiffs and respectfully submit this letter regarding the status of this case post-judgment.

We do not dispute the status of the case as set forth by plaintiffs' counsel in his letter submitted yesterday, February 14, 2019 (Dkt. # 297). We write separately to add that a motion to amend the judgment is still pending before this Court (Dkt. # 280, 281). Furthermore, plaintiffs' counsel has previously indicated that they are interested in considering a settlement proposal from Forde but has in just the last week indicated that they will not agree to any further stay of enforcement of the judgment herein. They take the position that the automatic stay under Fed. R. Civ. Proc. 62(a) has expired. In fact, they are actively arranging for entry of the judgment with the County Clerk, Queens County, where the Fordes' home is located.

While more than thirty (30) days has passed since entry of judgment, we respectfully submit that this Court has the inherent authority to continue a stay of enforcement of the judgment under all the facts and circumstances still outstanding in this matter. Moreover, we further submit that pursuant to Fed. R. Civ. Proc. 62(b), Forde is entitled to a continuance of the stay under that statute within the Court's sound discretion so long as some form of "security" satisfactory to the Court is set forth by the defendant. Matters are complicated herein by the fact that our client is presently incarcerated in the federal prison system which complicates our ability to communicate

*The Hon. Loretta A. Preska*
*February 15, 2019*
*Page 2*

with him in depth regarding the ability to post security and choices of how to proceed further in the within action as well as in the currently stayed appeal.  It is our understanding that Forde will be moved to a "halfway house" facility in New York City on March 12.  The period between now and then presents even greater difficulty of effectively communicating with our client on these matters as the BOP staff at the facility where he is incarcerated starts to phase him out of their routine communications protocols in preparation for his transfer.

A traditional bond securing the judgment in this matter is very likely beyond the means of Forde at this time in that the judgment is in excess of $12,000,000 and such a bond will be prohibitively costly.  In that Rule 62(b) permits approval of some other form of security, we would be amenable to discussion with the Court and plaintiffs' counsel of, at a minimum, a security in the form of assurances that during any further period of stay Forde and his family will not sell, dissipate, transfer or dispose of any assets in their ownership, possession or control.  It should also be noted that counterclaims against the plaintiffs regarding the Fordes' IRA account at Prudential have yet to be resolved.  Those claims originated as cross-claims by Forde against the plaintiff Funds in the interpleader action brought by Prudential (*12 cv 5168*) and were consolidated into the within action by stipulation of the parties.  Accordingly, we respectfully submit that our client may be entitled to a stay of enforcement pursuant to Rule 62(h) in that the judgment entered herein is subject to Rule 54(b).  This action presents the situation contemplated by the interplay of those two statutes in that "fewer than all the claims" in the within action have been "adjudicated" and therefore the order of judgment "may be revised at any time before the entry of [final] judgment…" Fed. R. Civ. Proc. 54(b).

We fully understand that any stay of enforcement *pending the appeal* can only be the subject of a motion to this Court pursuant to Fed. R. App. Proc. 8(a).  We are merely seeking some further temporary stay of enforcement at this time which the parties and the court can agree upon given all the foregoing.  Once our client is more practically available to us to consider all the decisions and choices of action which must be made, which will be relatively soon; once it becomes apparent whether there is a colorable possibility of settlement, there may be no need to prolong the stay of enforcement pending the full appeal or even the resolution of the outstanding motion to amend and of the remaining counterclaims.  We are available to the Court and counsel for a conference either by telephone or in court regarding these issues should the Court so desire.  Of course, if the Court wishes us to proceed by motion instead, we will respectfully proceed in that manner.

Respectfully submitted,

/s/ Dino J. Lombardi

cc:     Marc A. Tenenbaum Esq. (via ECF)
        Pat Longobucco, Esq. (via ECF)