USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-21-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, et
al.,

           Plaintiffs,

-against-

MICHAEL FORDE, et al.,

           Defendants.

11 Civ. 5474 (LAP)
16 Civ. 3551 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Michael Forde's motion to amend the November 14, 2018 judgment (the "Judgment") [dkt. no. 281]. Specifically, Defendant requests the Court (1) "[P]rovide for credits of $2,284,338.89 plus any monies received in settlement from defendant Hayes," and (2) "[A]dd offset language in this Judgment that provides that monies recovered in this Judgment will be utilized to offset the joint criminal restitution obligations of Forde, Greaney and Hayes as compensatory damages for the same loss." [dkt. no. 281]. Additionally, Defendant requests a stay of enforcement of the Judgment [dkt. no. 298].

    With respect to Defendant's first request, as a threshold matter, Plaintiffs New York City District Council of Carpenters Pension Fund, et al. ("Plaintiffs") "do not dispute Forde's assertion that, as of the date of the Judgment, he was entitled

1

to total credits of $2,284,338.89, consisting of the credits already reflected in the Judgment in the amount of $2,010,778.91 and credits for additional restitution payments of $273,559.98." (Funds' Response to Forde's Motion to Alter or Amend Judgment ("Pl. Opp."), dated Jan. 23, 2019 [dkt. no. 293] at 2). Accordingly, the Judgment should be amended to reflect a reduction in both the RICO and ERISA components by $273,559.98.

Defendant argues that "monies paid by Brian Hayes should have been included in the calculus." (Memorandum of Law in Support of Motion to Alter or Amend Judgment ("Def. Br."), dated Dec. 6, 2018 [dkt. no. 280-1] at 2). Plaintiffs point out, however, that they did not receive consideration for the dismissal without prejudice of their claims against Hayes. (Pl. Opp. at 3).

Defendant's second request is to add offset language to the Judgment such that monies recovered will be used to offset the joint criminal restitution obligations of Forde, Greaney, and Hayes. Defendant argues under the Mandatory Victims Restitution Act § 3664(j)(2) that "not only are credits appropriate for monies paid before the Civil Judgment, there should be offsets against the Criminal Judgment for monies collected by virtue of the Civil Judgment 'as compensatory damages for the same loss'." (Def. Br. at 4).

2

Although the MVRA does not detail the exact procedures for such an offset, the Court of Appeals has said, citing other circuits, that "[D]efendants are entitled to move the district court for a credit or offset to their restitution obligations pursuant to § 3664(j)(2) once a victim has recovered such damages." United States v. Yalincak, 853 F.3d 629, 637 (2d Cir. 2017). The district court here refers to the criminal court that imposed the original restitution obligations. Accordingly, the criminal case is the correct avenue for § 3664(j)(2) relief.

Finally, the request to continue the stay of enforcement of the judgment is denied. Much time has passed, and defense counsel has not shown appropriate cause to continue the stay pending appeal.

Defendant's motion to amend the judgment [dkt. no. 281] is denied except to the extent that it seeks to reduce both components of the Judgment by $273,559.98, resulting in an amended judgment against Defendant pursuant to RICO of $12,635,438.11 and pursuant to ERISA of $2,688,920.11. Defendant's request to stay enforcement of the judgment [dkt. no. 298] is denied. The parties shall submit an amended order.

SO ORDERED.

Dated:   New York, New York
         March 20, 2019

_____
LORETTA A. PRESKA
Senior United States District Judge